**In re Toland Terrill WYNN, Debtor.**

**Barnee C. Baxter, Chapter 13 Trustee, Movant**

v.

**Toland Terrill Wynn, Respondent.**

**No. 06–10318.**

United States Bankruptcy Court, S.D. Georgia, Augusta Division.

March 8, 2007.

Lee Ringler, Augusta, GA, for Debtor.

### ORDER

SUSAN D. BARRETT, Bankruptcy Judge.

This matter comes before the Court on the Chapter 13 Trustee's Objection to Confirmation of Debtor's proposed Chapter 13 bankruptcy plan based upon Debtor's al-

leged ineligibility to obtain a discharge and Debtor's Motion for Order Determining Eligibility of Debtor for Discharge under 11 U.S.C. § 1328(f).[1]

The issue before the Court is whether the time period to determine eligibility to receive a chapter 13 discharge following a previous chapter 13 discharge runs from case "filing" to case "filing", or from previous "discharge" to current case "filing". For the reasons discussed below, the Court finds the period runs from the date of the filing of the previous chapter 13 petition to the date of filing of the current chapter 13 petition.

### FINDINGS OF FACT

The relevant facts are:

- Toland Terrill Wynn ("Debtor") filed this current chapter 13 bankruptcy petition on March 16, 2006.
- On May 14, 2001, Debtor filed a previous chapter 13 bankruptcy.
- On December 3, 2004, Debtor received a chapter 13 discharge in his previous chapter 13 case.[2]
- The Chapter 13 Trustee filed an Objection to Confirmation of Debtor's current chapter 13 plan, alleging Debtor is not entitled to discharge since he received a chapter 13 discharge within two years of the filing of his current chapter 13 case.

### CONCLUSIONS OF LAW

At issue is the meaning of 11 U.S.C. § 1328(f)(2) which was added by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") and provides in pertinent part:

---

1. Objections to discharge are normally brought as adversary proceedings pursuant to Bankruptcy Rule 7001; however, the parties consented to the Court addressing this issue in its current procedural posture.

2. Debtor's previous case was filed in the Southern District of Georgia, Augusta Division, Ch. 13 case No. 01–11387.

Notwithstanding subsection (a) and (b), the court shall not grant a discharge . . . if the debtor has received a *discharge—*

    (1) in a case filed under chapter 7, 11, or 12 of this title during the 4–year period preceding the date of the *order for relief* under this chapter, or

    (2) in a case *filed under chapter 13* of this title during the 2–year period preceding the date of *such order.*

11 U.S.C. § 1328(f) (emphasis added).

Prior to BAPCPA, there was no express statutory time restrictions preventing debtors from filing chapter 13 bankruptcy proceedings immediately after receiving a discharge in a previous chapter 7, 11, 12 or 13. With the adoption of BAPCPA, Congress barred debtors from receiving a chapter 13 discharge if they received a previous discharge within a certain time period. The issue is whether the eligibility period runs from filing to filing or discharge to filing.

Debtor argues he is eligible for a chapter 13 discharge because § 1328(f)(2) only prevents a discharge in chapter 13 cases *filed* within 2 years of each other, when the first case resulted in the debtor receiving a chapter 13 discharge. The Chapter 13 Trustee filed an objection to confirmation noting Debtor has "[r]eceived a discharge in last 4[sic][3] years [and is] not entitled to discharge." Nevertheless, at the hearing the Chapter 13 Trustee indicated he takes no position as to whether Debtor is statutorily entitled to a discharge and merely filed the objection to inform the parties and the Court of the possibility that Debtor may be ineligible for discharge.

▮▮▮ Debtor focuses on the "such order" language of § 1328(f)(2) and argues this refers to the "order of relief" referenced in § 1328(f)(1), rather than the "discharge" referred to in the main text of § 1328(f). Pursuant to the plain meaning of the statute, the Court agrees "such order" refers to the "order of relief" rather than the discharge. *Lamie v. United States*, 540 U.S. 526, 534, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004). Furthermore, since the commencement of a voluntary bankruptcy case constitutes the "order for relief", pursuant to the plain meaning of the statute, the Court finds that the look-back period runs from chapter 13 case filing to subsequent chapter 13 case filing. *See* 11 U.S.C. § 301(b); *Lamie v. United States*, 540 U.S. 526, 534, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004).

▮▮▮ Concluding the § 1328(f)(2) look-back period runs from filing to filing creates a symmetrical interpretation of the look-back period of § 1328(f) with the comparable successive chapter 7 discharge look-back provisions of § 727(a)(8) and (a)(9)[4] which clearly run from case filing to case filing. "A court must . . . interpret the statute as a symmetrical and coherent regulatory scheme, and fit, if possible, all parts into an harmonious whole. . . ." *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133, 120 S.Ct. 1291, 146

---

**3.** Since Debtor previously received a chapter 13 discharge, the objection should have referenced the two year period set forth in § 1328(f)(2), rather than the four year period of § 1328(f)(1).

**4.** Section 727(a) provides in pertinent part: "The court shall grant the debtor a [chapter 7] discharge, unless—

. . .

(8) the debtor has been granted a discharge under this title under section 1141 . . . in a case commenced within 8 years before the date of the filing of the petition;

(9) the debtor has been granted a discharge under section 1228 or 1328 of this title . . . in a case commenced within six years before the date of the filing of the petition. . . ."

L.Ed.2d 121 (2000) (internal quotations and citations omitted).

The look-back period under § 1328(f) has been the subject of several published opinions. *See In re West*, 352 B.R. 482, 487 (Bankr.E.D.Ark.2006) (addressing successive chapter 13 cases and focusing on the legislative history and the "filed under" language holding that a plain reading of the statute supports the conclusion that the look-back period runs from filing to filing. The *West* court noted that "[a]lthough Congress may have intended otherwise, the Court must enforce the statute *as written* and conclude that a Debtor is not entitled to a chapter 13 discharge under § 1328(f)(2) if the Debtor has received a discharge in a case filed under chapter 13 within two years of the current case's filing." *Id.* at 487) (emphasis in original); *In re McGhee*, 342 B.R. 256, 258 (Bankr. W.D.Ky.2006) ("based on the plain meaning of § 1328(f) and § 301(b) . . . it is clear that a debtor who received a discharge in a Chapter 7, 11, or 12 case filed within four years of the debtor *filing* a subsequent Chapter 13 petition is ineligible for a discharge in his/her subsequent Chapter 13 case. Similarly, a debtor who received a discharge in a Chapter 13 case filed within two years of the debtor *filing* a subsequent Chapter 13 petition may not receive a discharge in the second Chapter 13 case.")(emphasis in original); *In re Knighton*, 355 B.R. 922, 926 (Bankr.M.D.Ga. 2006) ("[§ 1328(f)(1) ] bars discharge . . . if the debtor received a prior discharge in a case *'filed* under chapter 7 . . . during the 4–year period preceding the date *of the order for relief'* in the pending case. Because the order for relief arises on the date of filing, a plain reading of § 1328(f)(1) indicates that the lookback period runs from the filing date of the prior case to the filing date of the current case.")(emphasis in original); *In re Ratzlaff*, 349 B.R. 443, 444 (Bankr.D.S.C.2006) ("Section 1328(f)(1) clearly provides that debtors in a chapter 13 case may not receive a discharge in their case when they received a discharge in a previous case and that previous case was filed within four years prior to the filing of the pending case."); *In re Bateman*, 341 B.R. 540, 542 (Bankr.D.Md.2006) (while noting it was premature to rule on the issue, the court stated the argument that the look-back period began with the filing of the previous case, not the discharge, appeared more persuasive, as its interpretation was symmetrical with the analogous chapter 7 discharge provisions of § 727(a)(8) and (a)(9), and consistent with the legislative history of § 1328(f)).

For the reasons discussed in this opinion, the Court holds the look-back period of § 1328(f)(2) runs from the filing of the previous chapter 13 case to the filing of the current chapter 13 case.

IT IS THEREFORE ORDERED the Objection to Confirmation is OVERRULED and the Court rules Debtor is eligible to receive a discharge pursuant to § 1328(f)(2).