**In re Lyndon Walter GRYDZUK and Lisa Kathleen Grydzuk, Debtors.**

**No. 06–61211 JPK.**

United States Bankruptcy Court, N.D. Indiana, Hammond Division.

Oct. 20, 2006.

Lori D. Fisher, Esq., Merrilville, IN, for the Debtors.

Julia M. Hoham, Esq., Merrillville, IN, for the Chapter 13 Trustee.

*ORDER ON MOTION TO DETER-MINE ELIGIBILITY FOR DIS-CHARGE ["MOTION"]*

J. PHILIP KLINGEBERGER, Bankruptcy Judge.

The Motion, filed on August 2, 2006 by the Chapter 13 Trustee, came before the

Court for hearing on August 28, 2006. The debtors appear by Lori Fisher; the Chapter 13 Trustee appears by counsel Julia M. Hoham.

The Trustee contends that the debtors are not eligible for a discharge in this case pursuant to 11 U.S.C. § 1328(f)(1) because they received a discharge under Chapter 7 in a case filed during the 4–year period preceding the date of the filing of this Chapter 13 case. The debtors, however, contend that the prior case was *filed* under Chapter 13, and that thus by obtaining a discharge under Section 727(a) subsequent to the conversion of their Chapter 13 case to a case under Chapter 7, the literal language of § 1328(f)(1) does not apply to cause them to be not eligible for a discharge under § 1328(a).

The debtors filed a joint petition initiating a voluntary Chapter 13 case on September 19, 2003, docketed as case number 03–64557. A Chapter 13 plan was confirmed on March 25, 2004. On September 14, 2004, the debtors filed a motion to convert their Chapter 13 case to a case under Chapter 7, which was granted by order entered on September 15, 2004. Things proceeded apace in the Chapter 7 case, and the debtors were granted a discharge under 11 U.S.C. § 727(a) on January 10, 2005. The debtors then initiated this Chapter 13 case by petition filed on June 23, 2006.

The pertinent provision of the Bankruptcy Code—11 U.S.C. § 1328(f)(1)—inserted into the law by the BAPCPA states:

(f) Notwithstanding subsections (a) and (b), the court shall not grant a discharge of all debts provided for in the plan or disallowed under section 502, if the debtor has received a discharge—

(1) in a case filed under chapter 7, 11, or 12 of this title during the 4–year period preceding the date of the order for relief under this chapter

The issue before the Court is the meaning to be given to the phrase "filed under": Does this phrase refer solely to a chapter under which a case was *initiated* regardless of the chapter under which a discharge was obtained, or alternatively is the focus of the statute the chapter under which the debtors' discharge was entered if the case was initiated in a chapter other than that one?

There is a fascinating article in the September, 2006 edition of *Smithsonian* magazine concerning the true author of plays traditionally credited to William Shakespeare. A debate has raged for years in academic circles on this issue. One camp—including such luminaries as Mark Twain, Orson Wells, Walt Whitman and Sigmund Freud—has asserted that the historical person who did in fact walk the earth under the name of William Shakespeare had neither the educational nor cultural background to write plays and sonnets traditionally attributed to him. The pro-Bill camp focuses on the fact that a renowned literary contemporary, Ben Johnson, attributed authorship of the plays to his friend William Shakespeare, and that there is no historical evidence whatsoever that any other person ever came forward to claim authorship.

The foregoing is set out in this opinion to compare and contrast the BAPCPA with the plays and sonnets attributed to William Shakespeare. Although certainly participants in its drafting know who they are, no one has come forward to claim authorship of the newly-minted provisions of the BAPCPA. This is understandable, for unlike the rapture which arises from reading the most eloquent prose and poetry ever written in the English language, no such elevated state of consciousness derives from reading the BAPCPA. Thus, while a debate rages over whether William Shakespeare or someone else wrote the

plays and sonnets attributed to the Bard of Avon, there will never be a similar debate over the authorship of the BAPCPA because no one wants to be associated with that body of work.

11 U.S.C. § 1328(f)(1) presents another in a long string of incredible poorly drafted statutory provisions under the BAPCPA. There is little, if any, meaningful legislative history with respect to the BAPCPA, and even if there were, this Court has traditionally disavowed reliance on legislative history as a tool of construction, in consonance with pronouncements of the United States Supreme Court; *see, e.g., Exxon Mobil Corp. v. Allapattah Services, Inc.,* 545 U.S. 546, 125 S.Ct. 2611, 2626, 162 L.Ed.2d 502 (2005). Because of the political process involved in the enactment of legislation in our pluralistic republican form of government, the intent of Congressmen or Senators who voted for a particular piece of legislation may have nothing to do with the goals sought to be implemented by a drafter or sponsor of a law. This Court will thus not review legislative history in order to construe § 1328(f)(1).

■ If a debtor received a discharge in a case which was initiated as a Chapter 7, 11 or 12 case and remained under that chapter throughout the course of proceedings leading up to the discharge, the statute is clear as to the consequence. However, the statute is ambiguous when a case is initiated under one chapter, and is then converted to another chapter in which the debtor receives a discharge. The obligation of the United States Courts is to give effect to the intention of the legislature in enacting a particular law; *Baltimore & O.R. Co. v. Chicago River and Indiana R. Co.,* 170 F.2d 654, 658 (7th Cir.1948). There are two major schools of thought now prominent among bankruptcy scholars and bankruptcy judges as to manner in which the BAPCPA is to be construed. One is the "literalist" movement, which holds that "it says what it says", and even if it doesn't make any sense, the law must be construed in strict accordance with the statutory language. The other is the "common sense" approach, which accepts the fact that the BAPCPA in many instances makes no sense whatsoever, but that it must be construed against the background of what it is *presumed* the drafters intended to change from the prior law.

■ The critical elements of § 1328(f)(1) are two: (1) the debtor must have "received a discharge" in a prior case, and (2) that case must have been "filed under chapter 7, 11 or 12 ... during the 4–period preceding the date" of the filing of the Chapter 13 case in which discharge is to be considered. It would have been an easy matter indeed for the statute to have been written in terms of the statutory provisions under which the discharge would have been entered, i.e. 11 U.S.C. § 727(a), 11 U.S.C. § 1141; or 11 U.S.C. § 1228(a): That is the terminology utilized in 11 U.S.C. § 727(a)(8) and (9) to determine eligibility for a discharge in a case filed under Chapter 7. One might argue from the differentiation in the terminology utilized between these former sections and § 1328(f)(1) that the only criteria for the latter section is the chapter under which a prior bankruptcy case had been initiated regardless of the chapter under which a discharge was ultimately entered in that case.

■ 11 U.S.C. § 1328(f)(1) is an example of an ambiguity, not an example of a literal construction leading to an absurd result. Obviously, the he/she/they/it who actually authored this provision had no clue as to the fact that certain cases are initiated under one chapter of the Bankruptcy Code, and end up with a discharge being granted under another chapter.

That is an ordinary occurrence in consumer bankruptcy cases, particularly with respect to conversion of Chapter 13 cases to Chapter 7 cases, and less frequently so with conversion of Chapter 7 cases to Chapter 13 cases. However, viewed against the background of pre-BAPCPA culture, one of the perceived "evils" of pre-BAPCPA law—although totally endorsed by the United States Supreme Court [*Johnson v. Home State Bank*, 501 U.S. 78, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991)]—was the infidel concept of a "20", i.e. the filing of a Chapter 7 to eliminate debts which might be discharged under 11 U.S.C. § 727(a), coupled with the post-discharge filing of a Chapter 13 which could then deal with the debts that were not so discharged and which could not be affected by a Chapter 7 case. A "26" (back to back Chapter 13 cases) was less anathema than was a "20", and a "25" (Chapter 12 followed by Chapter 13) and a "24" (Chapter 11 followed by Chapter 13) were slightly less a worry than was a "20", if only because they didn't happen much. It is this perceived "evil" that 11 U.S.C. § 1328(f)(1) was clearly designed to address. The discharge in Chapter 11 and Chapter 12 cases for an individual mirrors the discharge provided by Chapter 7, and it is clearly the primary intent of § 1328(f)(1) to preclude the filing of a "20", a "24" and a "25" for a more extended period of time than a "26". The fact that the language utilized to implement this crusade does not evidence any perceptual understanding of bankruptcy law does not obfuscate the identity of the infidel targeted by this section. The fact that the language of § 1328(f)(1) does not parallel that of 11 U.S.C. § 727(a)(8) or (9) does not diminish the construction to be given to the ambiguous former statute.

■ Additionally, 11 U.S.C. § 1328(f)(1) is not really very ambiguous, if one understands 11 U.S.C. § 348(a)—an understanding which certainly passed that of the BAPCPA drafters. What of the phrase "filed under"? As stated in 11 U.S.C. § 301(a), a "voluntary case under a chapter of this title is commenced by the filing with the bankruptcy court of the petition under such chapter by an entity that may be a debtor under such chapter." Thus, in a very strict and literal sense, the debtors' prior case was "filed" under Chapter 13. The statute does not use the phrase "filed as", but rather the phrase "filed under". The debtors converted their Chapter 13 case to a case under Chapter 7, a process governed by 11 U.S.C. § 348. Subparagraph (a) of that statute states that "[c]onversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief *under the chapter to which the case is converted ...*" (emphasis supplied). Thus, upon conversion, the order for relief—the critical component in the initiation of a bankruptcy case—became "an order for relief under the chapter to which the case was converted", i.e., Chapter 7. Thus, the case became "filed under" Chapter 7 rather than under Chapter 13. 11 U.S.C. § 348(f)(1) states certain consequences/manifestations "when a case under chapter 13 of this title is converted to a case under another chapter under this title". Thus, combining the fact that 11 U.S.C. § 348(a) literally rendered the debtors' converted case to have been filed under Chapter 7 with § 1328(f)(1)'s statement of what happens to a Chapter 13 case when it becomes a case "under another chapter under this title", it is clear that the discharge referred to in 11 U.S.C. § 1328(f)(1) refers to the chapter under which the discharge was actually entered, rather than the chapter under which the case was initiated. The only published decision on this issue, *In re Capers*, 347 B.R. 169 (Bankr.D.S.C.2006) is in accord with this determination—with the excep-

tion that it in part relies on legislative history for its determination, which this Court does not endorse. Moreover, as stated in *Capers*, the debtors' argument here is a double-edged sword. If the debtors were to prevail, a debtor who begins a case in Chapter 7, converts to Chapter 13 and receives a discharge in the Chapter 13 case—would be precluded from obtaining a discharge in a subsequent Chapter 13 case filed four years or less from the date of the filing of the Chapter 7 case. This is not a propitious result, and one which runs counter to the obvious intent of § 1328(f)(1) to primarily attack "20's", not "26s".

Given the foregoing, the Court finds that the Trustee is correct, and that the debtors are not entitled to a discharge in this case pursuant to the provisions of 11 U.S.C. § 1328(f)(1).

IT IS ORDERED that the debtors are not entitled to discharge under 11 U.S.C. § 1328(f)(1) in this case.