**In re William Blakeley HAMILTON, Debtor.**

**Bankruptcy No. 6:07–bk–72627.
Adversary No. 6:07–ap–7331.**

United States Bankruptcy Court,
W.D. Arkansas,
Hot Springs Division.

March 13, 2008.

William Blakeley Hamilton, Hot Springs, AR, pro se.

Joyce B. Babin, Little Rock, AR, Chapter 13 Trustee.

## OPINION AND ORDER

BEN T. BARRY, Bankruptcy Judge.

Before the Court is a motion for default judgment in the above captioned adversary proceeding. The chapter 13 trustee filed a complaint objecting to discharge on October 10, 2007, and served the debtor on October 11, 2007, by first class mail. The debtor has failed to answer the complaint and on November 14, 2007, the trustee filed her motion for default judgment. For the reasons stated below, the trustee's motion for default is denied as a matter of law and this adversary proceeding is dismissed.

The Court has jurisdiction over this matter under 28 U.S.C. § 1334 and 28

U.S.C. § 157, and it is a core proceeding under 28 U.S.C. § 157(b)(2)(J). The following opinion constitutes findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

The debtor in this case filed a previous chapter 13 petition on May 28, 2004 (case number 6:04–bk–73699).[1] On February 5, 2007, the case was converted to chapter 7 and the debtor received a discharge on May 16, 2007. On August 21, 2007, the debtor filed the pending chapter 13 case, within four years of filing his previous bankruptcy case. Relying on 11 U.S.C. § 1328(f)(1), the trustee argues that because the debtor converted from chapter 13 to chapter 7 and received a discharge in the chapter 7 case, the debtor is now precluded from receiving a discharge in a subsequent chapter 13 case for four years from the date of filing the prior case. This argument necessarily implicates two sections of the bankruptcy code: § 348(a)[2] and § 1328(f).[3] *See In re Ybarra*, 359 B.R. 702, 706 (Bankr.S.D.Ill.2007) (stating that it is necessary to examine § 1328(f) within the context of the statutory scheme, including § 348(a)).

Section 348(a) concerns the effect of conversion from one chapter to another.

To give validity to the trustee's § 1328(f) argument—that the debtor's discharge in the prior case that was converted to a chapter 7 precludes him from receiving a discharge in a chapter 13 case for four years from the previous date of filing—the Court would have to determine that when the prior case was converted to a chapter 7 case, the chapter 13 case originally filed by the debtor did not exist. In support of her position, the trustee cites, among other cases, *Resendez v. Lindquist*, 691 F.2d 397 (8th Cir.1982). However, the issue presented in *Resendez* is not related to the issue presented in this case.

The *Resendez* court had to decide whether a debtor who converts from a confirmed chapter 13 case to a chapter 7 liquidation case may exempt funds in the chapter 7 case that have been paid to the chapter 13 trustee but remain undistributed at the time of conversion. The relevant phrase cited by the trustee in her letter brief, and cited by other courts that agree with the trustee's position,[4] states that "when there is a conversion, the debtors are deemed to have filed a Chapter 7 case at the time the Chapter 13 case was filed." *Id.* at 399. This is true, and comports with § 348(a) of the bankruptcy

---

**1.** A court may take judicial notice of its own orders and records in a case before the court. Fed.R.Evid. 201; *Elliott v. Papatones*, 143 F.3d 623, 624 (1st Cir.1998).

**2.** 11 U.S.C. § 348(a) states, in relevant part: Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but ... does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.

**3.** 11 U.S.C. § 1328(f) states: Notwithstanding subsections (a) and (b), the court shall not grant a discharge of all debts provided for in the plan or disallowed

under section 502, if the debtor has received a discharge—
(1) in a case filed under chapter 7, 11, or 12 of this title during the 4–year period preceding the date of the order for relief under this chapter, or
(2) in a case filed under chapter 13 of this title during the 2–year period preceding the date of such order.

**4.** *See, e.g., Grice v. WE Energies (In re Grice)*, 373 B.R. 886, 888 (Bankr.W.D.Wis.2007); *McDow v. Sours (In re Sours)*, 350 B.R. 261, 268 (Bankr.E.D.Va.2006); *McDow v. Capers (In re Capers)*, 347 B.R. 169, 171–72 (Bankr. D.S.C.2006).

code, which states that "[c]onversion of a case from a case under one chapter of this title to a case under another chapter of this title ... does not effect a change in the date of the filing of the petition...." 11 U.S.C. § 348(a). However, that does not mean that a petition (or, more accurately, a case[5]) originally filed *under* chapter 13 that subsequently converted to a chapter 7 case is deemed to have been filed *as* a chapter 7 case. To so hold would ignore the history of the case as it progressed under chapter 13, and disregard any incentive a debtor may have had to attempt a chapter 13 repayment plan. Upon conversion, the date of filing does not change, nor does the fact that the case was originally filed under chapter 13.

Section 348(a) contains seemingly contradictory language and requires close reading to understand the difference between "filed under" and "filed as." Subsection (a) specifically states that three events are not effected by conversion: (1) the date of the filing of the petition, (2) the date of the commencement of the case, and (3) the date of the order for relief. 11 U.S.C. § 348(a). Beginning with the order for relief, subsection (a) states that conversion "constitutes an order for relief under the chapter to which the case is converted...." *Id.* The subsection then goes on to state that conversion does not effect the date of the [original] order for relief. *Id.* To understand why conversion does not effect the date of the order for relief, and also constitutes an order for relief under the new chapter, another code provision must be examined. Under § 301, "[t]he commencement of a voluntary case under a chapter of this title constitutes an order for relief *under such chapter*." 11 U.S.C. § 301(b) (emphasis added). This code pro-

vision makes clear that the order for relief is specific to the chapter under which the case was filed. Because of this, when a case converts to another chapter, § 348(a) is necessary to recognize an order for relief under the chapter to which the case is converted: "Conversion ... constitutes an order for relief under the chapter to which the case is converted...." However, § 348(a) continues by recognizing that mere conversion of the case does not effect the original date of the order for relief.

The same situation occurs in relation to the commencement of the case. Section 301 states that a case "under a chapter of this title is commenced by the filing ... of a petition *under such chapter* ...." 11 U.S.C. § 301(a) (emphasis added). Again, § 348 makes clear that upon conversion, the date of the commencement of the case is not affected. 11 U.S.C. § 348(a). Similarly, if a case is originally filed as a chapter 13 and later converts to a chapter 7, the date of filing the chapter 7 petition is deemed to be the same date that the chapter 13 case was filed. *Resendez,* 691 F.2d at 399. And it is on that date that *both* the chapter 13 and chapter 7 orders for relief were constituted and each case was commenced. That does not change the fact that the case remains a case originally *filed under* chapter 13.

■ According to the trustee, § 1328(f)(1) prohibits a debtor from receiving a discharge in a chapter 13 case filed within four years of filing a prior case that began as a chapter 13 case and later converted to chapter 7. Section 1328(f) establishes a look back period measured from the date of the order for relief in the most current case to the date the petition was filed in the prior case. *Ybarra,* 359 B.R. at 703; *In re West,* 352 B.R. 482, 487 (Bankr.

---

**5.** 11 U.S.C. § 301(a) states that "[a] voluntary case under a chapter of this title is commenced by the filing with the bankruptcy

court of a petition under such chapter by an entity that may be a debtor under such chapter."

E.D.Ark.2006) (recognizing that H.R. 31, 109th Cong. § 312 (1st Sess.2005) refers to the filing of the prior case, not the date the discharge was received). However, under § 1328(f)(1), the statute references a case *filed under* chapter 7 within four years, and § 1328(f)(2) references a case *filed under* chapter 13 within two years. 11 U.S.C. § 1328(f). Courts are continually reminded that "'when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms.'" *Lamie v. U.S. Trustee,* 540 U.S. 526, 535, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004) (quoting *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.,* 530 U.S. 1, 6, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000) in reference to discerning congressional intent); *see also McDow v. Sours (In re Sours),* 350 B.R. 261, 267 (Bankr.E.D.Va.2006) (recognizing two exceptions to the "Plain Meaning Rule": (1) when a literal interpretation leads to a result contrary to congressional intent, and (2) when a literal interpretation would produce an absurd result).

In this instance, a plain reading of the statute does not lead to an absurd result, and the Court finds it is not appropriate to discern "congressional intent." In this regard, the Court agrees with the *Grydzuk* court, which stated,

> Because of the political process involved in the enactment of legislation in our pluralistic republican form of government, the intent of Congressmen or Senators who voted for a particular piece of legislation may have nothing to do with the goals sought to be implemented by a

drafter or sponsor of a law. This Court will thus not review legislative history in order to construe § 1328(f)(1).

*In re Grydzuk,* 353 B.R. 564, 567 (Bankr. N.D.Ind.2006).[6] The *Grydzuk* court went on to find that § 1328(f)(1) is "an example of an ambiguity, not an example of a literal construction leading to an absurd result." *Id.* It also recognized that it would have been easy for the statute "to have been written in terms of the statutory provisions under which the discharge would have been entered," citing as examples § 727(a)(8) and (9), the comparable "look back" provisions found in chapter 7. *Id.* In those sections, Congress clearly stated that the relevant time frame related to a case *commenced* within either eight years or six years, respectively. However, with regard to § 1328(f), Congress stated that the relevant time frame related to a case *filed under* either chapter 7 during the preceding four years, or chapter 13 within the preceding two years. Because both provisions— § 727(a)(8), (9) and § 1328(f)(1), (2)—were modified or added by BAPCPA, it seems apparent that Congress knew what it was doing when it referenced a case *filed under* in § 1328(f). Likewise, it would have been a simple matter for Congress to have said "filed under or converted to" had it wished to provide for the result argued by the trustee, but Congress choose not to use such language. Accordingly, this Court finds that § 1328(f) is not ambiguous and should be construed in accordance with the plain meaning of the statute.

One of the more common concerns other courts have with the result reached by this

---

**6.** Interestingly, the *Grydzuk* court stated in the next paragraph that the "obligation of the United States Courts is to give effect to the intention of the legislature in enacting a particular law." *Grydzuk,* 353 B.R. at 567. It also recognized two schools of thought with regard to construing BAPCPA: (1) that "the law must be construed in strict accordance with statutory language," or (2) that the law "must be construed against the background of what is *presumed* the drafters intended to change from the prior law." *Id.*

Court is the potential detrimental effect for a debtor filing a chapter 7 case and later converting to a chapter 13 case. In that case, the debtor "would be penalized for attempting to enter into a repayment plan because of the requirement that the debtor wait more than four years before becoming eligible to receive a discharge in the second chapter 13 case." *Grice v. WE Energies (In re Grice)*, 373 B.R. 886, 890 (Bankr.W.D.Wis.2007); *see also McDow v. Capers (In re Capers)*, 347 B.R. 169, 172 (Bankr.D.S.C.2006) (same). What these courts fail to recognize is that if the debtor converted from chapter 7 to chapter 13, presumably the debtor would be in a chapter 13 plan for at least three years, possibly longer. Upon receiving a discharge in the chapter 13 case, the debtor would have less than a year to wait until she was eligible to file another chapter 13 case and receive a subsequent discharge.

Other courts have also expressed concern that a plain reading of § 1328(f) as espoused by this Court may lead to abuse by some debtors. Specifically, a serial debtor who never intends to complete a chapter 13 case may file a chapter 13 and then convert to a chapter 7. In so doing, that debtor "preserve[s] the ability to later file another bankruptcy case after two years." *Grice*, 373 B.R. at 890; *see also Sours*, 350 B.R. at 269. Although the Court is aware that this situation may occur, there is still an intervening two year period the serial debtor must wait. Further, this result is similar to another provision in the code that has not been discussed by any of the courts holding otherwise: § 1328(b). Under § 1328(b), the court may grant a hardship discharge to a chapter 13 debtor who has not completed payments under the plan if three specific conditions are met. *See* 11 U.S.C. § 1328(b). Presumably, the debtor that receives a hardship discharge could file another chapter 13 case and receive another discharge after the two years has passed. Because a debtor filed under chapter 13 but was unable to consummate a plan is no reason to punish the unfortunate debtor that must again try to pay his creditors under a subsequent chapter 13 plan and receive a discharge. This particular provision of the code was not modified by BAPCPA. If the debtor truly is a serial filer with no intention to complete a chapter 13 case, the court may, after notice and a hearing, dismiss the case for cause under § 707(a), or not confirm a plan under § 1325(a)(7), which states that "the action of the debtor in filing the petition was in good faith."

For the reasons stated above, the Court finds that because the debtor filed his previous bankruptcy case under chapter 13 more than two years prior to the filing of the present case, the debtor is eligible for a discharge in this chapter 13 case and denies the trustee's motion for default judgment. Further, because the debtor is eligible for a discharge in this case, the Court dismisses the trustee's complaint objecting to discharge as a matter of law. IT IS SO ORDERED.