FILED

FEB 06 2013

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**ORDERED PUBLISHED**

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. NV-12-1032-DJuKi |
| CHARLENE CHARM FINNEY, | Bk. No. 11-13330-LBR |
| Debtor. | |
| KATHLEEN A. LEAVITT, Chapter 13 Trustee, | |
| Appellant, | |
| v. | **O P I N I O N** |
| CHARLENE CHARM FINNEY, | |
| Appellee. | |

Argued and Submitted on January 25, 2013
at Las Vegas, Nevada

Filed - February 6, 2013

Appeal from the United States Bankruptcy Court
for the District of Nevada

Honorable Linda B. Riegle, Bankruptcy Judge, Presiding

Appearances:     Sarah E. Smith, Esq., argued for Appellant, Kathleen A. Leavitt, Chapter 13 Trustee;  Christopher P. Burke, Esq., argued for Appellee, Charlene Charm Finney.

Before:  DUNN, JURY, and KIRSCHER, Bankruptcy Judges.

DUNN, Bankruptcy Judge:

This appeal requires that we interpret the Bankruptcy Code to determine when a chapter 13[1] debtor is eligible for a discharge where that debtor previously received a chapter 7 discharge in a case converted from chapter 13.

## I. FACTS

The facts in this appeal are straightforward. Charlene Charm Finney filed a chapter 13 case ("First Case") on July 25, 2008. Approximately eight months later, Ms. Finney sought and obtained a voluntary conversion of the First Case to a chapter 7 case. Ms. Finney was granted a chapter 7 discharge in the First Case on July 7, 2009.

On March 10, 2011, Ms. Finney filed another chapter 13 case ("Second Case").[2] The chapter 13 plan form used in the District of Nevada requires a chapter 13 debtor to indicate whether she is eligible for a discharge upon completion of all plan obligations. Ms. Finney marked her chapter 13 plan form to indicate that she would be eligible for a discharge. The chapter 13 trustee

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

[2] This case actually is Ms. Finney's third. An intervening chapter 13 case was filed by Ms. Finney on September 4, 2009 but was dismissed on January 11, 2011 after Ms. Finney failed to confirm a plan.

("Trustee") objected, asserting that because Ms. Finney had received a chapter 7 discharge in a case filed within four years of the filing date of the Second Case, Ms. Finney was not eligible for a chapter 13 discharge in the Second Case.

The bankruptcy court ruled that Ms. Finney was eligible for a chapter 13 discharge in the Second Case and confirmed Ms. Finney's chapter 13 plan.

The Trustee filed a timely notice of appeal.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(J) and (L). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUES

Whether § 1328(f)(1) or (f)(2) contains the applicable "look back period" for determining Ms. Finney's eligibility for a discharge in the Second Case.

## IV. STANDARDS OF REVIEW

We review issues of statutory construction and conclusions of law de novo. Ransom v. MBNA Am. Bank, N.A. (In re Ransom), 380 B.R. 799, 802 (9th Cir. BAP 2007), aff'd 577 F.3d 1026 (9th Cir. 2009), aff'd 131 S. Ct. 716 (2011).

///
///

3

# V. DISCUSSION

Generally, a chapter 13 debtor who has complied with the provisions of §§ 1328(a) and (b) is entitled to a discharge of all debts provided for by the chapter 13 plan or disallowed under § 502. Stated very broadly, the debtor need only complete all payments under the plan and certify that she is current on any existing domestic support obligations in order to be entitled to a discharge in chapter 13.

We do not address any of the nuances or exceptions to discharge under §§ 1328(a) and (b), because the issue on appeal requires only that we interpret the application of § 1328(f) to Ms. Finney's right otherwise to receive a discharge in the Second Case.

"[W]hen the statute's language is plain, the sole function of the courts--at least where the disposition required by the text is not absurd--is to enforce it according to its terms." Lamie v. U.S. Trustee, 540 U.S. 526, 534 (2004) (quoting Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 6 (2000)) (internal quotation marks omitted). However, as stated by one court, "[§ 1328(f)] is an example of an ambiguity, not an example of a literal construction leading to an absurd result." In re Grydzuk, 353 B.R. 564, 567 (Bankr. N.D. Ind. 2006). "Whether a statute is ambiguous is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." Hough v. Fry (In re Hough), 239 B.R. 412, 414 (9th Cir. BAP 1999) (quoting Robinson v. Shell Oil Co., 519 U.S. 337, 341 (1997)) (internal quotation marks omitted).

"It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." Davis v. Mich. Dept. of Treasury, 489 U.S. 803, 809 (1989).

Applying these principles of statutory construction we turn to the issue before us.

Section 1328(f) establishes a "look back period" for measuring when a debtor may receive a discharge in a subsequent bankruptcy case. Section 1328(f) provides:

> Notwithstanding subsections (a) and (b), the court shall not grant a discharge of all debts provided for in the plan or disallowed under section 502, if the debtor has received a discharge-
> (1) in a case filed under chapter 7, 11, or 12 of this title during the 4-year period preceding the date of the order for relief under this chapter, or
> (2) in a case filed under chapter 13 of this title during the 2-year period preceding the date of such order.

The Trustee asserts that § 1328(f)(1) precludes Ms. Kinney from obtaining a discharge in the Second Case. The Trustee's argument is that § 1328(f) must be read in conjunction with § 348(a).

Section 348(a) provides:

> **Effect of conversion**
> (a) Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.

The trustee contends that application of § 348(a) establishes that the effect of converting the First Case from a chapter 13 case to chapter 7 is that the First Case is deemed to have been filed under

5

chapter 7.  In other words, § 348(a) provides that a conversion of a chapter 13 case to chapter 7 effects an order for relief under chapter 7 that relates back to the original case filing date.  See In re Michael, 699 F.3d 305, 310 (3d Cir. 2012) ("[W]hen a debtor converts a Chapter 13 case to Chapter 7, the order converting the case is effectively backdated to the time of the order for relief under Chapter 13, which is the date of the filing of the Chapter 13 petition."); and Resendez v. Lindquist, 691 F.2d 397, 399 (8th Cir. 1982) ("[W]hen there is a conversion, the debtors are deemed to have filed a Chapter 7 case at the time the Chapter 13 case was filed."). Accordingly, where a bankruptcy case originally filed in chapter 13 is converted to chapter 7, it can be characterized as "filed under" both chapter 13 and chapter 7, but the discharge is only entered in the chapter 7 case unless the case later is reconverted to chapter 13.

The vast majority of courts that have considered the issue support the Trustee's interpretation of these statutes.  See, e.g., In re Dalton, 2010 WL 55499 (Bankr. M.D.N.C. 2010) (because conversion of a case from chapter 13 to chapter 7 constitutes an order for relief under chapter 7, the prior case will be treated as "filed under" chapter 7 for purposes of section 1328(f)); In re Ybarra, 359 B.R. 702 (Bankr. S.D. Ill. 2007) (section 348(a) demands that a converted chapter 13 case be treated as though it were filed as a chapter 7 case on its petition date); In re Knighton, 355 B.R. 922, 924-26 (Bankr. M.D. Ga. 2006) ("Section 1328(f) cannot be read in a vacuum; it must be read in conjunction with § 348(a) . . . .");

6

In re Grydzuk, 353 B.R. 564, 568 (Bankr. N.D. Ind. 2006) (section 348(a) provides that conversion of a chapter 13 case to chapter 7 constitutes an order for relief under chapter 7 such that the case became "filed under" chapter 7 rather than under chapter 13); McDow v. Sours (In re Sours), 350 B.R. 261, 268 (Bankr. E.D. Va. 2006) (extensive case law interpreting section 348(a) makes it clear that a converted case relates back to the initial filing date for all purposes, including matters relating to discharge); McDow v. Capers (In re Capers), 347 B.R. 169, 171-72 (Bankr. D.S.C. 2006) ("Debtor would have this Court conclude that Congress sought to limit a debtor's opportunity to receive a discharge in a subsequent filing based solely on the chapter under which the previous case was filed, without regard to the type of discharge the debtor received in the previous case.  This reading of the statute is illogical.").

Ms. Finney asserts that the Trustee's reading of the statutes effectively eliminates the "filed under" language of § 1328(f). Only one decision supports Ms. Finney's position. See In re Hamilton, 383 B.R. 469 (Bankr. W.D. Ark. 2008).  The Hamilton court compared the language Congress used in creating the "look back period" in § 1328(f) with the language used in § 727(a)(8) and (9). There, Congress directed that the "look back period" for a chapter 7 discharge be measured from the date a prior case was "commenced." Under the Hamilton court's analysis, (1) § 301(a) provides that "[a] voluntary case under a chapter of this title is commenced by the filing with the bankruptcy court of a petition under such chapter by an entity that may be a debtor under such chapter"; (2) § 348(a)

7

explicitly provides that conversion of a case does not effect a change in the commencement date for the case; and (3) Congress could easily have stated that the "look back period" set in § 1328(f) is determined based on the chapter under which a prior discharge was entered, which it did not do. We do not find the reasoning of the Hamilton court persuasive.

We agree with the Trustee, who asserts that a literal application of the words "filed under" to the facts of the case is contrary to Congress' intent to create more stringent discharge rules. As characterized by one court, the legislative history regarding the purpose of § 1328(f) is "meager." In re Ybarra, 359 B.R. at 708. Nevertheless, that court relied on the House Report to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, which stated that the purpose of § 1328(f) is to:

> prohibit the issuance of a discharge in a subsequent chapter 13 case if the debtor received a discharge in a prior chapter 7, 11, or 12 case within four years preceding the filing of the subsequent chapter 13 case. In addition, it prohibits the issuance of a discharge in a subsequent chapter 13 case if the debtor received a discharge in a chapter 13 case filed during the two-year period preceding the date of the filing of the subsequent chapter 13 case.

Id. (quoting H.R. Rep. No. 109-31, at 76 (1st Sess. 2005)) (emphasis added).

Section 348(a) explicitly provides that "[c]onversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted." As explained by the Grydzuk court, "upon conversion, the order for relief--the critical

8

component in the initiation of a bankruptcy case--became 'an order for relief under the chapter to which the case was converted,' i.e., Chapter 7. Thus, the case became 'filed under' Chapter 7 rather than under Chapter 13." Grydzuk, 353 B.R. at 568. Because § 348(a) effectively converts the First Case to "filed under" chapter 7, Ms. Finney is not eligible for a chapter 13 discharge in the Second Case pursuant to § 1328(f)(1).[3]

## VI. CONCLUSION

The bankruptcy court erred when it concluded that Ms. Finney's eligibility for a chapter 13 discharge in the Second Case was governed by § 1328(f)(2) rather than (f)(1). Accordingly, we REVERSE the order of the bankruptcy court and REMAND for further proceedings consistent with this disposition.

---

[3] If the current case is dismissed, Ms. Finney will be eligible for a discharge in any new chapter 13 case she might file, since the four-year limitation set forth in § 1328(f)(1) expired while this appeal was pending.