In re Betty J. LEWIS, Debtor.

Barnee C. Baxter, Chapter
13 Trustee, Movant,

v.

Betty J. Lewis, Respondent.

In re Hank William Tobias, Debtor.

Barnee C. Baxter, Chapter
13 Trustee, Movant,

v.

Hank William Tobias, Respondent.

Nos. 05–14070, 05–14078.

United States Bankruptcy Court,
S.D. Georgia,
Augusta Division.

March 27, 2006.

Angela Williams Seymour, James B. Duncan, III and Associates, Augusta, GA, Jeffrey C. Shurtleff, Augusta, GA, for Debtors.

## ORDER

JOHN S. DALIS, Bankruptcy Judge.

By motion, the Chapter 13 Trustee seeks dismissal of each of these chapter 13 cases based solely on 11 U.S.C. § 1328(f) contending that since these debtors are ineligible to receive a discharge upon completion of any confirmed plan, they are ineligible for chapter 13 relief. The Trustee is incorrect.

The facts in each case are undisputed. Betty J. Lewis filed her chapter 13 case (no. 05–14070) on November 29, 2005 proposing a plan to pay $100.00 per month subsequently modified to pay $190.00 per month to pay all claims in full. Ms. Lewis had a prior chapter 7 case (no. 02–12039) filed June 21, 2002 in which she obtained a discharge on October 16, 2002.

Hank William Tobias filed his chapter 13 case (no. 05–14078) on December 1, 2005 proposing a plan to pay $500.00 per month to the Chapter 13 Trustee to pay all claims in full. Mr. Tobias had a prior chapter 7 case (no. 03–13807) filed October 3, 2003 in which he received a discharge on January 27, 2004.

Under the foregoing facts, neither debtor may receive a discharge upon successful completion of their chapter 13 plans pursuant to 11 U.S.C. § 1328(f)(1)[1]. The Trustee argues first that the debtors are ineligible for chapter 13 relief based upon their inability to receive a discharge. Alternatively, the Trustee argues for dismissal for cause under § 1307(c). The Trustee contends that, by virtue of the debtors' inability to receive discharges, the debtors are proceeding in bad faith, and causing un-

---

1. 11 U.S.C. § 1328(f)(1) provides:

(f) Notwithstanding subsections (a) and (b), the court shall not grant a discharge of all debts provided for in the plan or disallowed under § 502 if the debtor has received a discharge–

(1) in a case filed under chapter 7 ... of this title during the 4–year period preceding the date of the order for relief under this chapter ...

reasonable delay that is prejudicial to creditors. According to the Trustee, the debtors' inability to receive discharges establishes their bad faith, and requires that I deny confirmation of the debtors' respective plans. 11 U.S.C. § 1307(c)(1) and (5) [2]. I will address the contentions of the Trustee in order.

■ 11 U.S.C. § 1328(f) is not an eligibility provision. Whether an individual is eligible to be a debtor under chapter 13 is established under 11 U.S.C. § 109(e) [3]. The Trustee concedes that both of these debtors fall within the debt limitations and have regular income required under § 109(e). Therefore, the debtors are eligible to be debtors under a chapter 13 plan and § 1328(f) standing alone does not affect that eligibility.

■ The Trustee's remaining contentions for dismissal under section 1307 involve a determination of good faith, a confirmation criteria under 11 U.S.C. § 1325(a)(3).[4] The Trustee argues that the debtors' ineligibility to receive discharges in their chapter 13 cases establishes bad faith. That, in turn, prevents me from confirming any plan warranting dismissal under § 1307(c)(5). The Trustee

concedes that, but for the debtors' inability to receive discharges in their present chapter 13 cases, the Trustee would have recommended these cases paying all creditors in full for confirmation. While the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 has removed considerable discretion from the bankruptcy court, it does not alter my responsibility to determine the good faith of a debtor on a case-by-case basis, guided by the binding precedent established by the Eleventh Circuit Court of Appeals in the case of *Kitchens v. Georgia Railroad Bank & Trust Company (In re Kitchens)*, 702 F.2d 885 (11th Cir.1983). The *Kitchens* decision establishes a list of factors to be considered in determining good faith:

(1) the amount of the debtor's income from all sources;

(2) the living expenses of the debtor and his dependents;

(3) the amount of attorney's fees;

(4) the probable or expected duration of the debtor's chapter 13 plan;

(5) the motivations of the debtor and his sincerity in seeking relief under the provisions of chapter 13;

(6) the debtor's degree of effort;

2. 11 U.S.C. § 1307(c) provides . . .

(c) on request of a party in interest or the Unite States trustee and after notice and a hearing, the court may convert a case under this chapter [13] to a case under chapter 7 of this title, or dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause, including-

(1) unreasonable delay by the debtor that is prejudicial to creditors; . . .

(5) denial of confirmation of a plan under section 1325 of this title [11] and denial of a request for additional time for filing another plan or a modification of a plan . . . .

3. 11 U.S.C. § 109(e) provides:

(e) Only an individual with regular income that owes, on the date of the filing of the

petition, noncontingent, liquidated, unsecured debts of less than $307,675.00 and noncontingent, liquidated, secured debts of less than $922,975.00 or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $307,675.00 and noncontingent, liquidated, secured debts of less than $922,975.00 may be a debtor under chapter 13 of this title [11].

4. 11 U.S.C. § 1325(a)(3) provides in relevant part:

(a) . . . the court shall confirm a plan if-

(3) the plan has been proposed in good faith and not by any means forbidden by law . . .

(7) the debtor's ability to earn and the likelihood of fluctuation in his earnings;

(8) special circumstances such as inordinate medical expense;

(9) the frequency with which the debtor has sought relief under the Bankruptcy Reform Act and its predecessors;

(10) the circumstances under which the debtor has contracted his debts and his demonstrated bona fides, or lack of same, in dealings with his creditors;

(11) the burden which the plan's administration would place on the trustee.

*Kitchens,* 702 F.2d 885, 888–89 (11th Cir. 1983); *citing In re Kull,* 12 B.R. 654, at 659 (Bankr.S.D.Ga.1981).

The *Kitchens* decision did "note that other factors or exceptional circumstances may support a finding of good faith." *Kitchens,* 702 F.2d 885, at 889. The availability of a discharge to the debtor is a factor for consideration. However, this is only one factor, and that factor standing alone is insufficient to overcome the other criteria which the Trustee concedes warrants a determination of good faith and confirmation of the debtors' 100% plans.

■ Finally, the Trustee argues that dismissal is warranted under 11 U.S.C. § 1307(c)(1), unreasonable delay that is prejudicial to creditors. The Trustee appears to argue that, since the debtor cannot receive a discharge, the refiling and the reimposition of the § 362 stay merely delays, unreasonably, the creditor's ability to proceed with the collection of their debt and/or realization on their collateral if secured under applicable non-bankruptcy law.

■ Obviously, with the filing of these chapter 13 cases and the reimposition of the § 362 stay, all the debtors' creditors are delayed in pursuing their obligations under applicable non-bankruptcy law, but because a creditor might be required to wait to pursue the balance remaining under the obligation after conclusion of the case standing alone does not establish an *unreasonable* delay. In the present cases, the debtors propose to pay all creditors in full. These plans obviously mitigate against a determination of unreasonable delay. However, even with less than a 100% case, the lack of available discharge does not establish an unreasonable delay if the plans are otherwise confirmable. As to secured creditors an orderly distribution of debtor's post-petition income to pay down pre-petition creditor obligations provides for adequate protection of creditor's pre-petition collateral interest and is far superior to a first come first paid race to the courthouse contemplated under non-bankruptcy law. Unsecured creditors have a better chance and more cost-efficient opportunity to be paid in a chapter 13 plan under court supervision than contemplated under available state debt-collection law. Merely because the chapter 13 debtor will not receive a discharge under an otherwise confirmable plan does not establish unreasonable delay that is prejudicial to creditors.

While an individual debtor's eligibility to receive a discharge in a chapter 13 case is a factor to be considered in determining whether the debtor is proceeding in good faith, that factor standing alone is insufficient to deny confirmation of the debtor's chapter 13 plan. Nor does it, again standing alone, establish unreasonable delay that is prejudicial creditors.

It is therefore ORDERED that the Chapter 13 Trustee's motions to dismiss each of these chapter 13 cases are ORDERED denied finding that in each case, the chapter 13 plans meet the confirmation

criteria of 11 U.S.C. § 1325. Confirmation order will issue.