**In re Donnie Joe MCGHEE and Janie Lou McGehee, Debtors.**

No. 06–50054.

United States Bankruptcy Court,
W.D. Kentucky,
Paducah Division.

April 26, 2006.

Michael A. Richardson, Hopkinsville, KY, for Debtors.

## ORDER

THOMAS H. FULTON, Bankruptcy Judge.

THIS CORE PROCEEDING comes before the Court on Debtors ("Debtors") Donnie Joe McGhee and Janie Lou McGehee's Motion for Clarification of Discharge.[1] Specifically, the Debtors are asking for clarification as to the meaning of the statutory language contained in 11 U.S.C. § 1328(f), which was added to the Bankruptcy Code by the recently enacted Bankruptcy Abuse Prevention and Consumer Prevention Act of 2005 ("BAPCPA").

The Debtors filed a Chapter 7 petition on June 11, 2002, and received a discharge on September 24, 2002. President Bush signed the BAPCPA on April 20, 2005, which resulted in substantial changes to the prior Bankruptcy Code that had been in effect since 1978. On October 17, 2005, the BAPCPA went into effect and controlled all subsequently filed bankruptcy petitions. On February 3, 2006, the Debtors filed the instant Chapter 13 petition. The Debtors now seek clarification as to how certain provisions, namely § 1328(f), added to the Bankruptcy Code through BAPCPA, affect their ability to receive a discharge in this Chapter 13 case.

■ Under § 1328(f), a Chapter 13 debtor may not receive a "discharge of all debts provided for in the plan or disallowed under section 502, if the debtor has received a discharge (1) in a case filed under chapter 7, 11, or 12 of this title during the 4–year period preceding the date of the order for relief under this chapter, or (2) in a case filed under chapter 13 of this title during the 2–year period preceding the date of such order." The Debtors are seeking clarification as to whether "order of relief" refers to the date the Chapter 13 petition was filed or the date the Chapter 13 plan is completed and ready for discharge.[2]

The answer to this question depends on reference to another new addition to the Bankruptcy Code, namely 11 U.S.C. § 301(b) which states "[t]he commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter." *See also* 11 U.S.C. § 302(a). The legislative history of the BAPCPA further elucidates these amendments to the Code and states that the BAPCPA "amends section 1328 to prohibit the issuance of a discharge in a subsequent chapter 13 case if the debtor received a discharge in a prior chapter 7, 11, or 12 case within four years preceding the filing of the subsequent chapter 13 case. In addition, it prohibits the issuance of a discharge in a subsequent chapter 13 case if the debtor received a discharge in a chapter 13 case filed during the two-year period preceding the date of the filing of the subsequent chapter 13 case." HR Rep. No. 31, 109th Cong., 1st Sess 312 (2005).

1. *See* 28 U.S.C. § 157(b)(2).

2. *Compare* Fed.R.Bankr.P. 7001(9).

*See 8 Collier on Bankruptcy* ¶ 1328.06 [1] (15th Ed. Rev., 2006).[3]

■■ Therefore, based on a plain reading of § 1328(f) and §§ 301(b) and 302(a) as well as the legislative history, it is clear that a debtor who received a discharge in a Chapter 7, 11, or 12 case filed within four years of the debtor *filing* a subsequent Chapter 13 petition is ineligible for a discharge in his/her subsequent Chapter 13 case. Similarly, a debtor who received a discharge in a Chapter 13 case filed within two years of the debtor *filing* a subsequent Chapter 13 petition may not receive a discharge in the second Chapter 13 case.

■■ It should also be noted, however, that the discharge prohibition in § 1328(f) does not prevent an individual from seeking and receiving chapter 13 relief. *See In re Lewis*, 339 B.R. 814 (Bankr.S.D.Ga. 2006). Eligibility for chapter 13 relief is governed by 11 U.S.C. § 109(e) [4]. If an individual meets the statutory qualifications set forth in 109(e), he/she may file a Chapter 13 petition and receive the resultant benefits and protections. A plain reading of § 1328(f) only prevents a *discharge* in certain circumstances if the debtor received a discharge in a prior case. Although a court may need to consider whether subsequent petitions were filed in good faith, the fact that a chapter 13 petition was filed with the knowledge that a discharge is not available is not in itself sufficient to find that the chapter 13 petition was not filed in good faith.[5] Indeed, there may be occasions in which a financially distressed debtor would find it advantageous to seek relief under Chapter 13 knowing that a discharge is not available. The precedent of *In re Alt*, 305 F.3d 413 (6th Cir.2002), which sets forth the nonexhaustive factors to consider when determining if a particular Chapter 13 petition was filed in good faith, is, in this Court's view, still good law and would thus be considered in any good faith challenge to a Chapter 13 petition that was ineligible for discharge under § 1328(f).

Applying the above standard to the case at bar, the Debtors cannot receive a discharge in their current Chapter 13 case. The Debtors filed for Chapter 7 protection on June 11, 2002, and received a Chapter 7 discharge on September 24, 2002. Approximately 32 months later, the Debtors filed their current Chapter 13 petition. Under § 1328(f), the Debtors cannot receive a discharge because the requisite four years have not passed between their previous Chapter 7 filing and their current Chapter 13 case filing. As noted above, however, the clear language of § 1328(f), as well as the legislative history, does not prevent the Debtors from filing for Chapter 13 bankruptcy protection, and Debtors may seek such protection if they feel that to do so is in their best interest.

---

3. *See also* 6 Collier on Bankruptcy ¶ 727.11 [1][b][2] (15th Ed. Rev., 2006), entitled "Measurement of Time Period," which states, "The eight years begins to run as of the date of the case is 'commenced,' i.e., the date the petition is filed, and ends as of the date that the subsequent case is begun by the filing of the petition."

4. The eligibility requirement set forth under 11 U.S.C. § 109(e) state that "[o]nly an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $307,675 and noncontingent, liquidated, secured debts of less than $922,975, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $307,675 and noncontingent, liquidated, secured debts of less than $922,975 may be a debtor under chapter 13 of this title."

5. *See* 11 U.S.C. §§ 1307(c)and 1325(a)(7).

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Debtors, for the reasons enumerated hereinabove, are not currently eligible for a Chapter 13 discharge. If they so chose, the Debtors may continue with their Chapter 13 case and plan. Upon completion of their plan payments, the Debtors, however, will not be eligible for a discharge in this Chapter 13 case.