**In re Peggy WEST, Debtor.**

**No. 4:06–bk–11215 E.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Oct. 10, 2006.

Kent Pray, Pray Law Firm, P.A., N. Little Rock, AR, for Debtor.

Jeffrey Ellis, Office of Chapter 13 Trustee, Little Rock, AR, for trustee.

### ORDER OVERRULING OBJECTION TO CONFIRMATION

AUDREY R. EVANS, Bankruptcy Judge.

Now before the Court is an *Objection to Confirmation* filed by the Chapter 13

Trustee, Joyce B. Babin (the "**Trustee**"), on May 15, 2006. The Trustee's Objection was called for hearing on July 6, 2006. Kent Pray appeared on behalf of the Debtor, and Jeffrey Ellis appeared on behalf of the Trustee. The parties requested that they be allowed to submit the matter on briefs in lieu of a hearing. The parties filed their respective briefs on August 14, 2006. This is a core proceeding under 28 U.S.C. § 157(b)(2)(L) and (J), and the Court has jurisdiction to enter a final judgment in this case.

## INTRODUCTION

Both the Trustee and the Debtor in this case seek a determination as to whether 11 U.S.C. § 1328(f), a new code section added to the Bankruptcy Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), will prevent the Debtor from receiving a chapter 13 discharge upon completion of her plan. Despite the Trustee's initial *Objection to Confirmation of Plan*, which requested that the Debtor's case be dismissed or denied confirmation, the Trustee's brief only requests that the Court make a determination as to the Debtor's entitlement to a discharge—the Trustee states that it is her duty to oppose the Debtor's discharge "if advisable" pursuant to 11 U.S.C. § 1302(b)(1) which incorporates 11 U.S.C. § 704(a)(6). The Trustee alleges that the Debtor's discharge is "properly before the Court as the Debtor anticipates such discharge." (Trustee's brief, footnote 1). Although objections to discharge are normally brought as adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7001, the Debtor here has con-

sented to the Court's determining her entitlement to a discharge in response to the Trustee's objection by requesting such determination in her brief. It further appears that the Trustee is no longer seeking to dismiss the Debtor's case or to deny her plan confirmation even if she is not entitled to a discharge, as the Trustee's brief only requests a determination of the discharge issue.[1] Accordingly, the Court will proceed to determine the Debtor's right to a discharge under 11 U.S.C. § 1328(f).

## FACTS

The Debtor, Peggy S. West, filed for relief under chapter 13 of the United States Bankruptcy Code on April 5, 2006 (the "**Current Chapter 13 Case**"). The Debtor previously filed for relief under chapter 13 of the United States Bankruptcy Code on November 29, 2001, case number 4:01–bk–46768, and received a discharge therein on March 22, 2005. The Debtor's plan in the Current Chapter 13 Case proposes a pro-rata distribution to unsecured creditors. Upon completion of the plan in the Current Chapter 13 Case, the Debtor anticipates receiving a discharge.

## ANALYSIS

BAPCPA added a new subsection (f) to § 1328 barring debtors from receiving a chapter 13 discharge if they had previously received a discharge under certain circumstances. Those circumstances are the subject of this dispute: specifically, whether the debtor is barred from receiving a discharge if the debtor previously *received* a discharge in a certain time period, or

---

1. Recent cases from other jurisdictions have held that even where a debtor is denied a discharge pursuant to the provisions of 11 U.S.C. § 1328(f), such debtor may still qualify for chapter 13 relief if the debtor's plan is otherwise confirmable. *See In re Lewis*, 339 B.R. 814 (Bankr.S.D.Ga.2006); *In re McGhee*, 342 B.R. 256 (Bankr.W.D.Ky.2006); *In re Bateman*, 341 B.R. 540 (Bankr.D.Md.2006).

whether the debtor previously received a discharge in a case *filed* within a certain time period. In other words, is the time period measured from the date the discharge was received in the prior case, or from the date the prior case was filed? The Trustee argues that the relevant time period should be measured from the time the first discharge was entered (March 22, 2005) until the date the second case is filed (April 5, 2006); the Debtor contends the time should be measured from the date the first case is filed (November 29, 2001) until the second case is filed (April 5, 2006).

New § 1328(f) provides:

(f) Notwithstanding subsections (a) and (b), the court shall not grant a discharge of all debts provided for in the plan or disallowed under section 502, if the debtor has received a discharge—

(1) in a case filed under chapter 7, 11, or 12 of this title during the 4–year period preceding the date of the order for relief under this chapter, or

(2) in a case filed under chapter 13 of this title during the 2–year period preceding the date of such order.

This Court found five cases interpreting new § 1328(f). Although none of these cases answer the exact question presented here, they all shed some light on the interpretation of this new provision, and therefore warrant some discussion here.

The case of *In re Lewis*, 339 B.R. 814 (Bankr.S.D.Ga.2006), concerned two separate debtors with similar circumstances. Each debtor had previously received a chapter 7 discharge in a case filed within four years of the filing of their current chapter 13 cases. Accordingly, the timing issue was not a problem in this case as these debtors were ineligible for a chapter 13 discharge under § 1328(f)(1) under either interpretation (*i.e.*, they had both filed under chapter 7 and received a discharge within four years of their current chapter

13 filing). The question answered by this Bankruptcy Court was whether the debtors could have a confirmable plan notwithstanding their ineligibility for a discharge. The Bankruptcy Court decided that § 1328(f) was not an eligibility provision, and that the debtors could be eligible for chapter 13 relief and that their lack of a discharge was not enough to deny confirmation of their plans.

The case of *In re McGhee*, 342 B.R. 256 (Bankr.W.D.Ky.2006), then interpreted the meaning of "order for relief" in deciding that the relevant date with respect to that debtor's current chapter 13 case was the date the petition was filed, not the date the debtor ultimately received a discharge. Again, in this case, the debtors had both filed and received chapter 7 discharges within four years of their current chapter 13 filing. The debtors here tried to argue that the time period should *end* when they received their chapter 13 discharge (which would be sometime in the future at the completion of their plan), not when they filed their chapter 13 case. This Bankruptcy Court interpreted § 1328(f) and its legislative history by stating:

... it is clear that a debtor who received a discharge in a Chapter 7, 11, or 12 case filed within four years of the debtor *filing* a subsequent Chapter 13 petition is ineligible for a discharge in his/her subsequent Chapter 13 case. Similarly, a debtor who received a discharge in a Chapter 13 case filed within two years of the debtor *filing* a subsequent Chapter 13 petition may not receive a discharge in the second Chapter 13 case.

(Emphasis in original). This statement indicates that the court interprets the time periods set forth in § 1328(f) as spanning from each filing, and not the date of the first discharge to the date of the second discharge. However, it is important to note that the Court was not asked to de-

cide the issue of when the time period begins, but just when it ends (*i.e.,* with the second case's filing or the second case's discharge). *See also In re Ratzlaff,* 349 B.R. 443, 444 (Bankr.S.C.2006) (In deciding Debtors were not entitled to a discharge because they had received a discharge in a chapter 7 case filed within four years of their current case's filing, the Court stated, "[s]ection 1328(f)(1) clearly provides that debtors in a chapter 13 case may not receive a discharge in their case when they received a discharge in a previous case *and that previous case was filed within four years prior to the filing of the pending case.*" (Emphasis added)).

*In re Bateman,* 341 B.R. 540 (Bankr. D.Md.2006), involved four separate debtors whose cases presented the same issue: whether the bar to a discharge under § 1328(f) barred the debtor from chapter 13 relief. The Bankruptcy Court followed In re Lewis, supra, in holding that it does not. One of the debtors in the Bateman case also presented the same issue presented in this case, but the court found that it did not need to rule on that issue at that time. However, the court stated:

The Chapter 13 Trustee urges that § 1328(f) bars a discharge if the debtor received a discharge within the applicable two or four-year period preceding the date of the Order for Relief in the existing case. The United States Trustee for the Region takes issue with the Chapter 13 Trustee's interpretation of § 1328(f) that measurement begins with the date the Debtor received the discharge. The United States Trustee's interpretation is symmetrical with the analogous discharge provision under Chapter 7, § 727(a)(8) and (a)(9), that refers to a case commenced within the applicable period. The United States Trustee also finds comfort in the report of the House Judiciary Committee on S.256 subsequently enacted as the Bank-

ruptcy Abuse Prevention and Consumer Protection Act of 2005. That Legislative History notes that the Amendment "prohibits the issuance of a discharge in a subsequent chapter 13 case if the debtor received a discharge in a chapter 13 case filed during the 2–year period preceding the date of the filing of the subsequent chapter 13 case." H.R.Rep. No. 109–31, Pt 1 76 (109th Cong. 1st Sess. 2005), U.S.Code Cong. & Admin. News 2005, pp. 88, 143. The court need not decide this issue at this time, although the position of the United States Trustee appears far more persuasive.

341 B.R. at 542.

Finally, the case of *In re Capers,* 347 B.R. 169 (Bankr.D.S.C.2006), determined which subsection of § 1328(f) controlled where the debtor received a discharge under a case filed under chapter 13 but converted to a chapter 7 prior to discharge. The court determined that the chapter under which the debtor received a discharge controls because § 348(a) provides that a converted case is deemed to have been filed under the chapter to which it is converted. The court also noted that it was not deciding the issue currently before this Court. Specifically, the court stated: "[t]he Court does not reach a conclusion as to whether either discharge prohibition period of § 1328(f) commences upon the filing of the First Case or upon the issuance of the discharge in the First Case." *Id.* at 171 n. 2.

While these cases do not decide the exact question presented here, they illustrate the confusion created by new § 1328(f). However, three of the cases cited herein indicated that the time period in the statute should be interpreted spanning from filing to filing, and not the date of discharge to filing (with the two other cases not weighing in at all). A plain

reading of the statute supports this interpretation. The statute states that discharge is denied if the prior case was "*filed* [under the relevant chapter] during the [2– or 4–year] period preceding the date of the order for relief." (Emphasis added.) What makes this code section so unclear is the impracticality of it. As recognized by William Houston Brown (former Bankruptcy Judge for the Western District of Tennessee),

> This provision obviously has a potential chilling effect for those debtors who receive a quick discharge in a prior case but who then encounter a new cause for filing another case. *This provision seems to ignore the realization that debtors who filed for Chapter 13 relief within two years of filing another case are unlikely to have obtained a discharge in that prior case. Rarely is a Chapter 13 debtor able to propose and obtain a confirmation of a less-than-two-year plan.*

William Houston Brown, *Taking Exception to a Debtor's Discharge: The 2005 Bankruptcy Amendments Make it Easier,* The American Bankruptcy Law Journal, 79 AM. BANKR. L.J. 419, 449 (2005) (emphasis added). Judge Brown concludes that "... the four-year bar is measured from the filing of the prior case, not by the date upon which a discharge was previously granted." *Id.* at 448. Judge Brown cites THOMAS YERBICH, CONSUMER BANKRUPTCY: FUNDAMENTALS OF CHAPTER 7 AND CHAPTER 13 OF THE U.S. BANKRUPTCY CODE 2D ED. (2005) "for the suggestion that, notwithstanding § 1328(f)'s wording, what Congress may have intended was to bar a second discharge if the debtor received a discharge during the two-year or four-year period, without any concern for when the prior case was filed. While a sensible interpretation, it requires a conclusion that the statute as written is ambiguous." *Id.* at 449 n. 145.

Notwithstanding the fact that a plain reading of the statute supports the Debtor's position—that the relevant time period is measured from the filing of the previous case, and not the date Debtor received a discharge in the previous case—the Court examines the legislative history for any guidance it may provide. To the Court's knowledge, the only available legislative history on this new Code section is found in House Report, § 312 which provides that BAPCPA amends:

> section 1328 to prohibit the issuance of a discharge in a subsequent chapter 13 case if the debtor received a discharge in a prior chapter 7, 11, or 12 case within four years preceding the filing of the subsequent chapter 13 case. In addition, it prohibits the issuance of a discharge in a subsequent chapter 13 case if the debtor received a discharge in a chapter 13 case filed during the two-year period preceding the date of the filing of the subsequent chapter 13 case.

H.R. 31, 109th Cong. § 312 (1st Sess.2005). Examining the first sentence of § 312, the court in *Capers* concluded that § 1328(f) was intended to lengthen the time between the discharges a debtor may receive. There, the Court stated:

> Adoption of Debtor's mechanical reading of § 1328(f) would frustrate the policy that Congress sought to implement through the provisions of the section. Clearly, Congress sought to lengthen the time between the discharges debtors receive under chapters 7, 11, 12, and 13 and subsequently filed chapter 13 cases. Just as clearly, Congress determined that the length of time between discharges should be greater for debtors who had received a discharge in a previous chapter 7, 11, or 12 case than for debtors who previously received a chapter 13 discharge.

347 B.R. at 172. However, with respect to a previous chapter 13 case, § 312 clearly refers to the *filing* of the prior case and not when the discharge was received. Accordingly, the legislative history supports a plain language interpretation.

Although Congress may have intended otherwise, the Court must enforce the statute *as written* and conclude that a Debtor is not entitled to a chapter 13 discharge under § 1328(f)(2) if the Debtor has received a discharge in a case filed under chapter 13 within two years of the current case's filing. Because the Debtor in this case received a discharge in a chapter 13 case filed in 2001, more than four years before filing her current case in 2006, she is entitled to a discharge in this case, provided she otherwise meets the requirements for a chapter 13 discharge under § 1328.

### CONCLUSION

For the reasons stated herein, the Trustee's Objection to Confirmation of Plan is **OVERRULED.**

**IT IS SO ORDERED.**