Pierre J. GAGNE and Carrie
J. Gagne, Debtors.

Pierre J. Gagne and Carrie
J. Gagne, Appellants,

v.

Peter C. Fessenden, Chapter
13 Trustee, Appellee.

BAP No. 08–021.
Bankruptcy No. 08–10027–LHK.

United States Bankruptcy Appellate Panel
of the First Circuit.

Sept. 19, 2008.

Pierre J. Gagne and Carrie J. Gagne, pro se, on brief for Appellants.

Peter C. Fessenden, Chapter 13 trustee, on brief for Appellee.

Before FEENEY, BOROFF, and ROSENTHAL, United States Bankruptcy Appellate Panel Judges.

FEENEY, Bankruptcy Judge.

The debtors, Pierre J. Gagne ("Mr. Gagne") and Carrie J. Gagne ("Mrs. Gagne," collectively, the "Debtors"), appeal from the order of the bankruptcy court ruling that Mr. Gagne was ineligible for a discharge because he had obtained a discharge in a prior case within the time period set forth in 11 U.S.C. § 1328(f).[1] The Debtors dispute the bankruptcy court's interpretation of the statute and argue that, because the time period set forth therein runs from the date of filing of the earlier case to the date of filing of the subsequent case, Mr. Gagne is eligible for a discharge. We agree, and for the reasons set forth below, we **REVERSE** and **REMAND** for the entry of an order consistent with this opinion.

## *BACKGROUND*

On January 11, 2008, the Debtors filed a joint Chapter 13 petition in which they disclosed two cases they had filed individually.[2] On January 25, 2008, they amended their petition to disclose another petition.[3] On January 30, 2008, Peter C. Fessenden, Chapter 13 trustee (the "Trustee"), filed Trustee's Motion for Order to Show Cause and to Determine Status of Discharge (the "Motion"), in which he listed the Debtors' prior bankruptcy cases.[4] Without citing

any statutory authority, he argued that the Debtors were not entitled to discharges in the pending case based upon the dates they received their discharges in their earlier cases. He sought an order denying both Debtors discharges and asked that they be ordered to appear and show cause why their case should remain open.

In his response, Mr. Gagne asserted that the time period referred to in § 1328(f) should be interpreted to run from the date of filing the first case to the date of filing the second case, citing *In re West*, 352 B.R. 482 (Bankr.E.D.Ark.2006). He also offered that he had filed his case in good faith and wanted the opportunity to pay his creditors 100%. In a separate response, Mrs. Gagne admitted that she was not entitled to a discharge but requested that the bankruptcy court grant Mr. Gagne a discharge and confirm their plan. In support of Mr. Gagne's argument, Mrs. Gagne cited *Branigan v. Bateman (In re Bateman)*, 515 F.3d 272 (4th Cir.2008), and *Baxter v. Lewis (In re Lewis)*, 339 B.R. 814 (Bankr.S.D.Ga.2006). In the memorandum she attached to her response, Mrs. Gagne explained that the Debtors filed the present case in good faith and only after experiencing financial difficulties due to her health care expenses.

---

1. References to sections in the Bankruptcy Code shall be to the Bankruptcy Reform Act of 1978, as amended by the Bankruptcy Abuse

Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub.L. No. 109–8, 119 Stat. 23, 11 U.S.C. §§ 101, *et seq.*

2. The cases are as follows:

| Mr. Gagne | District of Maine Bangor, ME | Case No. 02–10966 | Date Filed: 05/31/2002 |
| Mrs. Gagne | District of Maine Bangor, ME | Case No. 04–10881 | Date Filed: 05/03/2004 |

3. The case is as follows:

| Mrs. Gagne | District of Maine Bangor, ME | Case No. 00–11197 | Date Filed: 07/17/2000 |

4. In the Motion, the Trustee listed the following cases:

| Carrie Smith | Case No. 88–10305 | | |
| Carrie Smith Gagne | Case No. 00–11197 | | |
| Pierre Gagne | Case No. 02–10966 | Chapter 13 | Discharged: May 18, 2006 |
| Carrie Smith Gagne | Case No. 04–10881 | Chapter 7 | Discharged: August 23, 2004 |

On February 28, 2008, the bankruptcy court held a hearing on the Motion. In the Minute Order (the "Order"), the bankruptcy court stated: "For the reasons set forth on the record during the hearing, neither debtor is not [sic] entitled to a discharge under 11 U.S.C. sec. 1328(f). The trustee's motion to dismiss the case is denied without prejudice because the debtors intend to file a 100% plan." On March 3, 2008, the bankruptcy court denied the Debtors' request for reconsideration and to stay the Order. On March 6, 2008, the Debtors filed both an appeal, as to Mr. Gagne's entitlement to a discharge only, and a motion to stay the Order pending appeal.

On March 11, 2008, the bankruptcy court entered an Order Granting Stay Pending Appeal ("Stay Order"). With respect to the statute, it wrote:

> The language of § 1328(f) is ambiguous. The troublesome language with respect to a prior chapter 7 case is found in (f)(1): "Notwithstanding subsections (a) and (b), the court shall not grant a discharge ... if the debtor has received a discharge in a case filed under chapter 7, 11, or 12 of this title ... during the 4–year period preceding the date of the order for relief under this chapter...."
> [...] Some readers, like the trustee, place the emphasis on "*received a discharge* .... during the four-year period.... Others, like the debtors, place it on '*a case filed* under chapter ... during the four-year period ...'"

The bankruptcy court then ruled:

> Despite [the Debtors] failure to make any showing under the applicable four-part test for injunctive relief, a stay is appropriate in this instance for two reasons: First, the law on the point in contention is unsettled in this circuit and a stay is not likely to harm the estate while their appeal is being considered. Second, upon the entry of the order denying the debtors' discharge, the automatic stay was terminated with respect to acts against them and their property.... A stay of the order denying discharge pending appeal would protect them and their property and may enhance their ability to make plan payments while higher courts ponder the meaning of § 1328(f).

In their Statement of the Issues on Appeal and brief, the Debtors raised two issues: (1) whether the bankruptcy court properly interpreted § 1328(f); and (2) whether they were denied due process as a result of the Trustee having obtained relief by motion instead of by adversary proceeding. With respect to the statutory interpretation issue, the Debtors argued that the first step for analyzing § 1328(f) is the plain language of the statute, citing for support *Lamie v. United States Trustee,* 540 U.S. 526, 534, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004). The Debtors emphasized that the statute plainly states that the calculation is from the date of filing to the date of filing and that any other interpretation would render the word "filed" superfluous. The Debtors cited to numerous cases in support of this interpretation of § 1328(f). With respect to the second issue, the Debtors maintained that the hearing on the Motion was procedurally improper as the Trustee was required by the Federal Rules of Bankruptcy Procedure to seek denial of their discharges via an adversary proceeding. They declared that they were prejudiced as they attended the hearing prepared to meet their burden of "showing cause" and instead were required to defend their right to a discharge.

In his brief, the Trustee countered that the issue of the procedural mechanism he used to seek denial of the Debtors' discharges is moot as they failed to raise the issue before the bankruptcy court and can-

not now demonstrate that they were prejudiced. Moreover, the Trustee claimed that there was no violation of the Debtors' right to due process because, under § 1328(f), the burden was on the Debtors to demonstrate that they were entitled to a discharge. The Trustee explained that the issue of eligibility for a discharge should be raised at the outset of the case rather than after the completion of a Chapter 13 plan.

In addressing the first issue, the Trustee pointed out that "[m]ost cases interpreting § 1328(f) start and end with a rigid and short-sighted parsing." In support of this position, the Trustee stated the following:

> Prior to 2005, the Code consistently employed the language "a case under Chapter 7" or "a case under Chapter 13" as a term of art to define the chapter of a bankruptcy case. BAPCPA sporadically uses the phrase "filed under" for the same purpose.... The new Congressional use of "filed" in these sections is not used to denote the actual commencement of the case, only that it is a case under that chapter .... "filed" is not superfluous. It is part of the statutory rubric that defines the chapter to which reference is being made.

While the Trustee recognized that a statute must be interpreted based upon its plain meaning, he explained that there is an exception to that rule where the plain meaning would produce an absurd result. For example, if § 1328(f) were interpreted to run from the filing date, he asserted, the statute would bar few serial discharges given that most Chapter 13 cases are open for more than three years. Instead, he claimed, if the statute were to run from the date of the earlier discharge, the effect would accomplish the goal behind BAPC-

PA, to curtail such repeat filings. He also urged the Panel to interpret the statute based upon the "equity of the statute doctrine," citing for support *AmeriCredit Fin. Serv. v. Long (In re Long)*, 519 F.3d 288, 297–98 (6th Cir.2008) ("In determining how to fill the gap left by Congress ... we employ a well-established common law principle of interpretation known as 'the equity of the statute.' This method of interpretation of gaps, mistakes and ambiguities in statutes has guided common law judges at least since the interpretation of the statute De Deonis in the Fourteenth Century.").

In their reply brief, the Debtors explained that they did not raise the due process issue before the bankruptcy court because they understood that the sole purpose of the hearing was to show cause. The Debtors also countered that although the application of the statute would not apply to most Chapter 13 debtors, such a fact does not render the interpretation absurd. The Debtors reiterated that they filed their petition in good faith and only as a result of unmanageable medical expenses.

At oral argument, Mrs. Gagne argued for the Debtors and asked that the Order be set aside and that Mr. Gagne be granted a discharge.[5] She eloquently and succinctly reviewed the foregoing arguments. She elaborated on their position regarding statutory construction by explaining, in essence, that the Panel should apply the rule of the last antecedent when interpreting § 1328(f). She also offered that her interpretation was consistent with the purpose of BAPCPA in that it encouraged and allowed Chapter 13 debtors to file a subsequent Chapter 13 rather than only being able to file a subsequent Chapter 7.

---

**5.** The Debtors were permitted to appear telephonically. The Panel permitted Mrs. Gagne to speak for the Debtors and the Trustee did not object.

In his oral argument, the Trustee maintained that the statute is ambiguous because it is capable of two interpretations. He urged the Panel to accept his interpretation as the correct one because it promotes another purpose of BAPCPA, namely to allow creditors breathing room to collect debts. He also observed that, linguistically, the phrase "filed under" is simply a new rubric to designate the chapter rather than a phrase to indicate the commencement of the case. In support, he referred to the use of the phrase in several other Bankruptcy Code sections: § 342(f)(2) ("In any case filed under chapter 7 or 13, ..."); § 366(c)(2) ("Subject to paragraphs (3) and (4), with respect to a case filed under chapter 11 ..."); § 101(51)(c) ("The term 'small business case' means a case filed under chapter 11 of this title ..."). He explained that when referring to the act of filing the petition, the phrase more commonly used is the "commencement of the case" as provided in §§ 727(a)(8) and (a)(9) of the Code.[6] When reading "case filed under chapter [ ]" as indicating the type of chapter, the Trustee maintained that the word "filed" is not surplusage because it is part of a phrase. To add to the argument, he asserted that under BAPCPA, Congress abandoned the phrase "case under."

The Trustee also maintained that the Debtors' interpretation would lead to an absurd result as most Chapter 13 cases are open from 3 to 5 years. As such, he explained, for a debtor to be prevented from obtaining a subsequent discharge under the statute, the debtor would have had to have completed a 100% plan in under 3 years. As this is an uncommon occurrence, in his view, Congress could not have intended to protect such a debtor in contrast to a debtor who has paid a much smaller percentage under a plan over a longer term.

## JURISDICTION

A bankruptcy appellate panel may hear appeals from "final judgments, orders and decrees [pursuant to 28 U.S.C. § 158(a)(1)] or with leave of the court, from interlocutory orders and decrees [pursuant to 28 U.S.C. § 158(a)(3)]." *Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.)*, 218 B.R. 643, 645 (1st Cir. BAP 1998). "A decision is final if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Id.* at 646 (citations omitted). An interlocutory order " 'only decides some intervening matter pertaining to the cause, and requires further steps to be taken in order to enable the court to adjudicate the cause on the merits.'" *Id.* (quoting *In re American Colonial Broad. Corp.*, 758 F.2d 794, 801 (1st Cir.1985)). A bankruptcy appellate panel is duty-bound to determine its jurisdiction before proceeding to the merits even if not raised by the litigants. *See Boylan v. George E. Bumpus, Jr. Constr. Co., Inc. (In re George E. Bumpus, Jr. Constr. Co.)*, 226 B.R. 724 (1st Cir. BAP 1998).

The Panel has repeatedly ruled that a judgment denying discharge under § 727 is a final order. *See Fagnant v. Cohen Steel Supply, Inc. (In re Fagnant)*, 337 B.R. 729 (1st Cir. BAP 2006); *Aoki v. Atto Corp. (In re Aoki)*, 323 B.R. 803, 811 (1st Cir. BAP 2005); *Roberts v. Boyajian (In re Roberts)*, 279 B.R. 396, 399 (1st Cir. BAP 2000), *aff'd*, 279 F.3d 91 (1st Cir. 2002); *Annino, Draper & Moore, P.C. v. Lang (In re Lang)*, 256 B.R. 539, 540 (1st

---

**6.** In both subsections, the phrase provides, "in a case commenced within [ ] years before the date of the filing of the petition...."

Cir. BAP 2000). Although the denial of discharge in this case arose under Chapter 13, the Order is nonetheless a final order.

### STANDARD OF REVIEW

■■■ Appellate courts reviewing an appeal from the bankruptcy court generally apply the "clearly erroneous" standard to findings of fact and *de novo* review to conclusions of law. *See T I Fed. Credit Union v. DelBonis,* 72 F.3d 921, 928 (1st Cir.1995); *Western Auto Supply Co. v. Savage Arms, Inc. (In re Savage Indus., Inc.),* 43 F.3d 714, 719–20, n. 8 (1st Cir. 1994). In this case, the parties do not dispute the facts and the only issues before the Panel involve statutory interpretation. As such, the decision is subject to *de novo* review. *See Khan v. Bankowski (In re Khan),* 375 B.R. 5, 9 (1st Cir. BAP 2007).[7]

### DISCUSSION

■■■ Section 1328(f) was one of the amendments to the Bankruptcy Code included in BAPCPA. The statute provides:

(f) Notwithstanding subsections (a) and (b), the court shall not grant a discharge of all debts provided for in the plan or disallowed under section 502, if the debtor has received a discharge—

(1) in a case filed under chapter 7, 11, or 12 of this title during the 4–year period preceding the date of the order for relief under this chapter, or

(2) in a case filed under chapter 13 of this title during the 2–year period preceding the date of such order.

11 U.S.C. § 1328(f).

The first issue the Panel must address with respect to the statute is the proper interpretation of the phrase "in a case filed under chapter 13 of this title." Earlier this year, the Fourth Circuit issued a decision analyzing the statute in a consolidated appeal. *Branigan v. Batemen (In re Bateman),* 515 F.3d 272 (4th Cir.2008).[8] In those cases, the Chapter 13 trustee had filed motions to dismiss on grounds that the debtors were not entitled to discharges under § 1328(f). The Fourth Circuit wrote that to resolve the matter "we must decide whether the phrase 'during the 2–year period preceding the date of such order' in § 1328(f)(2) modifies the phrase 'received a discharge' or the phrase 'filed under chapter 13 of this title.'" *Id.* at 277.

Citing *Lamie v. United States Trustee,* 540 U.S. at 534, 124 S.Ct. 1023, the Fourth Circuit explained that the plain language of the statute dictated calculating the applicable time periods from date of filing to date of filing. 515 F.3d at 277. Such a conclusion, it stated, "is buttressed by the doctrine of the last antecedent, which teaches that 'a limiting clause or phrase . . . should ordinarily be read as modifying only the noun or phrase that it immediate-

---

7. The Debtors did not file a copy of the transcript memorializing the hearing on the Motion. The Panel has ruled that the lack of a transcript is fatal to an appeal where "the Panel is unable to determine the legal foundation of the bankruptcy court's rulings, or whether the bankruptcy court made any initial oral findings and rulings." *Kristan v. Patriot Growth Fund, L.P.,* 378 B.R. 417 (1st Cir. BAP 2006). In this case, however, the parties agree that the issues they raised are not factually dependant and, as such, the lack of a transcript is not fatal to the appeal. *See, e.g., U.S. v. One Motor Yacht Named Mercury,* 527 F.2d 1112, 1113–14 (1st Cir.1975). In-

deed, the bankruptcy court referred to the issue as one of statutory interpretation in the Stay Order.

8. The Fourth Circuit is the only circuit court to rule on the issue. The Seventh Circuit made reference to a ban on a second discharge based upon a discharge to filing date without engaging in an analysis of the statute. *In re Sidebottom,* 430 F.3d 893, 897 n. 1 (7th Cir.2005). The Fourth Circuit considered that footnote dicta. *In re Bateman,* 515 F.3d at 280 n. 11.

ly follows.'" *Id.* (citing *Barnhart v. Thomas,* 540 U.S. 20, 26, 124 S.Ct. 376, 157 L.Ed.2d 333 (2003)). It further wrote, "[i]n contrast to the Chapter 13 Trustee, we believe that when Congress used the phrase 'filed under,' it meant 'filed under' and not just 'under.'" *Id.*

In response to the Chapter 13 trustee's argument that such an interpretation would render the statute meaningless because most Chapter 13 plans have terms of between three and five years, the Fourth Circuit agreed with the lower court that Congress recognized that some plans have shorter terms, citing §§ 1325(b) and 1328(b). Lastly, the Fourth Circuit determined that its interpretation was in keeping with Congress' preference for Chapter 13. It explained:

> A debtor who files a new Chapter 13 petition after receiving a discharge in a typical three-to-five year Chapter 13 plan would never be prohibited under § 1328(f)(2) from receiving a discharge, but a debtor who obtained a Chapter 13 discharge in a case filed within the last two years would be prohibited from receiving a discharge, as would debtors filing under Chapter 7 within the last four years.

*Id.* at 279.[9]

The overwhelming number of courts that have considered the meaning of § 1328(f) has come to the same conclusion as the Fourth Circuit. *See, e.g., Sanders v. Carroll,* No. 07–12234, 2008 WL 275678 (E.D.Mich. Jan.31, 2008) (concluding that majority position is more persuasive and agreeing that the plain meaning must be applied); *Babin v. Hamilton (In re Hamilton),* 383 B.R. 469 (Bankr.W.D.Ark.2008)

(denying default motion and finding no applicable exceptions to plain meaning rule); *In re Lewis,* 376 B.R. 849 (Bankr. M.D.Tenn.2007) (same); *In re Ward,* 370 B.R. 812 (Bankr.D.Neb.2007) (agreeing with majority because plain meaning accomplishes goal of promoting Chapter 13); *In re Dyer,* No. 07–32281, 2007 WL 2915530 (Bankr.E.D.Tenn. Oct.3, 2007) ("I do not find an ambiguity in § 1328(f)(1) and, therefore, I do not find the *Sanders* [lower court] rationale persuasive."); *Grice v. WE Energies (In re Grice),* 373 B.R. 886, 890 (Bankr.E.D.Wis.2007) ("The four-year waiting period between the filings of the two cases applies."); *In re Graves,* No. 06–10634, 2007 WL 1075108 (Bankr.D.Md. Jan.19, 2007), *aff'd, Branigan v. Batemen (In re Bateman),* 515 F.3d 272 (4th Cir. 2008) (concluding no narrow exceptions to plain meaning existed and statute should be applied as written); *In re Knighton,* 355 B.R. 922, 926 (Bankr.M.D.Ga.2006) ("Because the order for relief arises on the date of the filing, [citing 11 U.S.C. § 301] a plain reading of 11 U.S.C. § 1328(f)(1) indicates that the lookback period runs from the filing date of the prior case ..."); *In re West,* 352 B.R. 482 (Bankr.E.D.Ark. 2006) (deciding to apply statute as written); *In re McGehee,* 342 B.R. 256, 258 (Bankr.W.D.Ky.2006) ("Based upon a plain meaning of § 1328(f) and §§ 301(b) and 302(a) as well as the legislative history," filing date is operative date); *McDow v. Ratzlaff (In re Ratzlaff),* 349 B.R. 443 (Bankr.D.S.C.2006) (deciding language in statute is clear).

The few decisions which have interpreted the statute as the Trustee requests have only done so in dicta. *See, e.g., Buck-*

---

9. The second issue the Fourth Circuit addressed was whether Bateman, who could not obtain a discharge based upon the dates of his filing, was eligible to be a debtor. The court concluded that § 1328 was not an eligibility

statute and that the debtor could propose and confirm a plan. *In re Bateman,* 515 F.3d at 281; *accord In re Brandford,* 386 B.R. 742, 748 n. 6 (Bankr.N.D.Ind.2008); *In re McGehee,* 342 B.R. 256, 258 (Bankr.W.D.Ky.2006).

*ley v. Taylor (In re Taylor)*, 388 B.R. 115 (Bankr.M.D.Pa.2008) (explanation of statutory provision was not at issue in case); *In re Beckerman*, 381 B.R. 841, 849 (Bankr. E.D.Mich.2008) ("Debtors have not received a discharge under either chapter which could affect and possibly prevent a future discharge under 11 U.S.C. § 1328(f).").

In *In re Sanders*, 368 B.R. 634 (Bankr. E.D.Mich.2007), *rev'd, Sanders v. Carroll*, No. 07–12234, 2008 WL 275678 (E.D.Mich. Jan.31, 2008), the bankruptcy court adopted the interpretation that the period runs from prior discharge to subsequent filing. It concluded that because the parties were able to present two plausible arguments regarding the statute, it was ambiguous. 368 B.R. at 637.[10] It then declared that legislative history was of no assistance. *Id.* at 638. The court examined the purpose of the statute and determined that, because BAPCPA was designed to provide greater protection to creditors, the proper interpretation of the time frame must be from date of discharge to date of filing. *Id.* at 639. The court also described that its interpretation would comport with the realities of Chapter 13 filings. Notably, the bankruptcy court's decision was reversed by the district court which found that the bankruptcy court misconstrued § 1328(f)(1). *See Sanders v. Carroll*, No. 07–12234, 2008 WL 275678 (E.D.Mich. Jan.31, 2008).

 We agree that the starting point for examining this statute is the language of the statute itself. *U.S. v. Yellin (In re Weinstein)*, 272 F.3d 39, 43 (1st Cir.2001) (citing *U.S. v. Ron Pair Enters., Inc.*, 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989)). If the statute's language is plain, it must be enforced according to its terms. *Id.* A statute is ambigu-

ous only if it is subject to more than one reasonable interpretation. *Thinking Machs. Corp. v. Mellon Fin. Serv. Corp. (In re Thinking Machs. Corp.)*, 67 F.3d 1021, 1025 (1st Cir.1995). Upon concluding an ambiguity exists, "an inquiring court must look to the policies, principles and purposes underlying the statute in order to construe it." *Id.* Absent such an ambiguity, a court may look beyond the language when "in rare cases the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters, and those intentions must be controlling." *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571, 102 S.Ct. 3245, 73 L.Ed.2d 973 (1982).

The Debtors' interpretation of the statute is consistent with the majority of decisions which have held that a plain reading of the statute leads to the conclusion that the look back period is from the date of the filing of the earlier case. The Trustee, however, contends that the plain meaning rule cannot apply because the statute is capable of two interpretations and is therefore ambiguous. As such, he maintains that we must look to the legislative history of the statute. He alternatively asserts that, even if we conclude the statute is not ambiguous, the Debtors' interpretation cannot be applied as to do so would produce absurd results given that the statute would apply to a limited number of cases.

The court in *Graves* succinctly explained why the statute is not ambiguous:

> The "filing date to filing date" approach implements Section 1328 the way it is written. Section 1328(f)(2) prohibits a debtor from receiving a discharge if the debtor has received a discharge ... in a case filed under chapter 13 ... during the 2 year period preceding the date of

10. The court concluded that the rule of the last antecedent was inapplicable as the "dominant purpose of the statute requires otherwise...." *Id.* at 640.

the order for relief of the current case. The "filing date to filing date" interpretation gives effect to the logical sequence of the language used. Each subsequent clause modifies the immediately preceding clause. All words are given effect. No punctuation needs to be added or deleted.

On the other hand, the "discharge date to filing date" approach does not give effect to all words, does not follow the sequence of the language used, and appears to require additional punctuation. First, it requires switching the two clauses in subsection (2). In that event, the provision would have read (and must be read, in order to adopt the discharge date to filing date" position) as follows: "... if the debtor has received a discharge ... during the 2–year period preceding the date of such order, in a case filed under chapter 13 of this title."

*In re Graves,* 2007 WL 1075108 at *3.

█ Interpretation of the statute according to the filing date to filing date approach does not produce an absurd result simply because it would not apply to a large number of Chapter 13 cases. Again, as the *Graves* court explained:

> ... Congress expressly made a distinction between plans running three years or longer, on the one hand, and plans running less than three years, on the other hand, in Section 1325(b). There is nothing in the Bankruptcy Code to indicate that Congress also did not distinguish between plans completed in two years or less, compared to plans completed in three years or more, in section 1328(f)(2).

*Id.* at *7.

█ In addition to the plain meaning rule, which supports the Debtors' interpretation, we must address another issue of statutory construction which the Trustee argues is compelling. The Trustee asserts that the majority of decisions incorrectly applied the rule of the last antecedent by failing to recognize the concomitant exception. Under the rule of the last antecedent, a qualifying phrase must apply to what immediately precedes it. *Nobelman v. American Sav. Bank,* 508 U.S. 324, 330, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993). With respect to § 1328(f), it would require us to rule that the phrase "during the 2–year period preceding the date of such order" modifies the immediately preceding phrase "filed under" rather than the more distant phrase "received a discharge."

The Trustee contends, however, that the Court in *Nobelman* explained that the rule should not apply when the interpretation is not compelled. *Id.* at 330, 113 S.Ct. 2106; *see also Barnhart,* 540 U.S. at 26, 124 S.Ct. 376 ("Rule is not an absolute and can assuredly be overcome by other indicia of meaning, we have said that construing a statute in accord with the rule is 'quite sensible as a matter of grammar.' "); *U.S. v. Ven–Fuel, Inc.,* 758 F.2d 741, 751 (1st Cir.1985) ("While the rule is not an inflexible one, ... it should be applied unless there is a plain indication to the contrary in the statute. And, there is no such harbinger here."). Because the purpose behind BAPCPA provides the indica of contrary meaning, the Trustee urges that the rule should not apply. We disagree.

Regarding the purpose of BAPCPA, the House Committee on the Judiciary wrote:

> The purpose of [BAPCPA] is to improve bankruptcy law and practice by restoring personal responsibility and integrity in the bankruptcy system and ensure that the system is fair for both debtors and creditors. With respect to the interests of creditors, the proposed reforms respond to many of the factors contributing to the increase in consumer bankruptcy filings, such as lack of personal financial accountability, the prolif-

eration of serial filings, and the absence of effective oversight to eliminate abuse in the system. The heart of the bill's consumer bankruptcy reforms consists of the implementation of an income/expense screening mechanism ("needs-based bankruptcy relief" or "means testing"), which is intended to ensure that debtors repay creditors the maximum they can afford.

H.R.Rep. No. 109–31, pt. 1, at 2 (2005), *reprinted in* 2005 U.S.C.C.A.N. 88, 89.[11]

The Trustee has argued that his interpretation meets the purpose of the statute as it curbs more serial filings and gives creditors greater ability to collect debts. The Debtors make equally compelling points as to why their conclusion is in keeping with the goals of the statute. As the Fourth Circuit noted, the statute does not curb filings as it is not an eligibility statute, *Bateman,* 515 F.3d at 281, and, as is the case here, debtors must still file and complete a plan to obtain a discharge. The "filing to filing" interpretation permits a debtor who has completed a Chapter 13 plan in 3–5 years to obtain relief under a new Chapter 13, although that same debtor could not obtain a Chapter 7 discharge, *see* § 727(a)(9), which reflects Congress' preference for repayment plans over liquidation. As both parties offer plausible arguments, the Panel cannot conclude that there is a plain indicator that the rule of the last antecedent should not be followed.

■ The final rule of statutory interpretation that the parties address is the canon that a statute should not be construed in such a manner that would render any words contained therein superfluous. The Trustee contends that this rule is not violated because the word "filed," as set forth in the statute, is part of the phrase "case filed under" which is a new phraseology for describing the type of case. When reviewing the Bankruptcy Code, however, it is not clear that Congress chose to use the phrase as the Trustee describes. For example, despite his claim to the contrary, the post-BAPCPA Bankruptcy Code retains many references to the phrase "a case under chapter [ ]" to describe the type of case. *See, e.g.,* 11 U.S.C. § 330(b); § 333(a); § 341(c); § 321(a); § 326(a); § 327(c); § 103(a); § 521(a)(6); § 105(d)(2)(B). Curiously, subsection (f)(1) of § 342 refers to "cases under chapter 7 and 13" and subsection (f)(2), refers to a "case filed under chapter 7 or 13 . . . ." In fact, the phrase "case under chapter [ ]" appears with far more frequency under the Bankruptcy Code than the phrase "case filed under chapter [ ]" indicating that Congress did not intend for the latter to be the equivalent of the former. Indeed, the Trustee's argument evaporates when considering that throughout the Bankruptcy Code there are a variety of different phrases, even within the same subsection, used to describe the commencement of a case. *See, e.g.,* 11 U.S.C. § 110(e)(2)(B)(i)(I) ("to file a petition . . ."); § 110(e)(2)(B)(i)(II) ("commencing a case under chapter [ ]"); § 362(a) ("petition filed under"); § 727(a)(9) ("the filing of the petition"); § 727(b) ("commencement of a case"); § 102 ("order for relief"). Therefore, we cannot conclude that Congress intended to create a new rubric by employing the phrase "case filed under chapter [ ]."

■ It is also noteworthy that prior to the enactment of § 1328(f), the only temporal impediment to obtaining a discharge

---

**11.** One court explained the intention of the drafters as follows: "it is clearly the primary intent of § 1328(f)(1) to preclude the filing of a '20' [a Chapter 7 followed by a Chapter 13], '24' [a Chapter 11 followed by a Chapter 13] and a '25' [a Chapter 12 followed by a Chapter 13] for a more extended period of time than a '26' [back to back Chapter 13s]." *In re Grydzuk,* 353 B.R. 564, 568 (Bankr.N.D.Ind. 2006).

was if a Chapter 7 debtor had been granted a discharge "under section 1228 or 1328 of this title . . . in a case commenced within six years before the date of the filing of the petition, . . ." 11 U.S.C. § 727(a)(9). The Supreme Court has instructed that to interpret the Bankruptcy Code in a manner that would effect a major change of practice, such an alteration should not be considered absent discussion in the legislative history. *Dewsnup v. Timm,* 502 U.S. 410, 419–20, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992). There is nothing in the Bankruptcy Code or the scant legislative history of § 1328(f) indicating that Congress intended a major change in practice and that in comparing a new case to an old one that the time period should now run from date of discharge instead of from date of filing or commencement.[12]

Based upon the foregoing, we conclude that there are no exceptions to the plain meaning of § 1328(f) that would cause us to apply the statute other than as written. There are likewise no exceptions that would warrant deviation from the rule of the last antecedent. Finally, we cannot adopt the Trustee's argument that the term "filed" would not be rendered superfluous by a plain meaning interpretation in accordance with the text. As such, we conclude that the provisions of the statute dictate that the period between the first and second cases must be calculated as written, from the date of filing to the date

of filing. Accordingly, Mr. Gagne is entitled to a discharge if he completes payments under the Debtors' plan.[13]

### CONCLUSION

For the reasons set forth above, the Panel **REVERSES** the bankruptcy court's February 28, 2008 order to the extent it denied Mr. Gagne a discharge, and **REMANDS** for entry of an order consistent with this opinion.

---

12. As one court describes the legislative history:

> So, despite the fact that subparagraphs (1) and (2) of § 1328(f) use identical operative language, the legislative history indicates that the prohibition period runs from entry of discharge in the prior case under § 1328(f)(1), while it runs from filing date of the prior case in § 1328(f)(2). Since the legislative history used both possible interpretations, it is impossible to discern what was really intended.

*In re Ward,* 370 B.R. at 814.

13. The second issue the Debtors raise on appeal is whether they were denied due process because the Trustee raised the issue of their discharge in a motion instead of filing an adversary proceeding. The Trustee contends that the Debtors waived this issue as they failed to raise it before the trial court. While the Trustee is correct, *see McCoy v. Massachusetts Inst. of Tech.,* 950 F.2d 13, 22 (1st Cir. 1991) ("It is hornbook law that theories not raised squarely in the district court cannot be surfaced for the first time on appeal."), the issue is rendered moot by the Panel's decision to reverse the Order.